**E. L. DOW, Appellant,**

v.

**Glen O. BAIRD, Roy Lee Shaffer and Leslie Davison, Appellees.**

**No. 8885.**

United States Court of Appeals
Tenth Circuit.

March 1, 1968.

Ted R. Fisher, Tulsa, Okl. (Johnson & Fisher, Tulsa, Okl., with him on the brief), for appellant.

Lynn J. Bullis, Jr., Oklahoma City, Okl. (Monnet, Hayes, Bullis, Grubb & Thompson, Oklahoma City, Okl., with him on the brief), for appellees.

Before WOODBURY,* LEWIS and HICKEY, Circuit Judges.

WOODBURY, Senior Circuit Judge.

This is an appeal by the plaintiff below from a judgment entered pursuant to a district court order reducing the amount of a previous judgment entered on a verdict returned by a jury for the plaintiff by striking therefrom an award of punitive damages.

This action was brought in the United States District Court for the Western District of Oklahoma under its diversity jurisdiction, Title 28 U.S.C. § 1332(a)(1), for damages for an illegal search of the plaintiff's house and home in Fairview, Oklahoma.[1] The plaintiff-appellant is now and was at the time this action was brought a citizen of Kansas. The appellees and the other defendants below were and are citizens of Oklahoma.

The plaintiff's home was fruitlessly searched by the appellee Davison, the Sheriff of Major County, and other officers, pursuant to a warrant issued by the appellee Shaffer, the Fairview Police Judge, on an affidavit signed but not sworn to by the appellee Baird, directing search of the plaintiff's home for "[P]ersonal clothing of Mr. and Mrs. Tommy Coyle." Trial by jury resulted on November 24, 1965, in a verdict for the plaintiff against the appellees, but not against other defendants, for $3,000 actual damages and $2,000 punitive damages. The court entered judgment on this verdict with interests and costs. Four months later on May 2, 1966, the court below entered an order in which it first denied separate motions by the defendants-appellees for a new trial and then went on to provide:

"Thereupon, the Court, upon its own Motion modifies the verdict and judgment entered herein on November 24, 1965[2] for Plaintiff and against Defendants, Glen O. Baird, Roy Lee Shaffer, and Leslie Davison, fixing the amount of actual damages at $3,000.00 and the amount of punitive damages at $2,000.00, for a judgment in the total sum of $5,000.00 by reducing the same to the sum of $3,000.00 actual damages and eliminating therefrom the sum of $2,000.00, the amount of punitive damages fixed by the Jury, and that said judgment, as modified, is for the sum of $3,000.00 in favor of the Plaintiff * * * "

There can be no doubt whatever that the search warrant served on the plaintiff was illegal, if for no other reason, because it was not "supported by Oath or affirmation" as required by the Fourth Amendment of the Constitution of the United States and Article 2, § 30 of the Constitution of the State of Oklahoma.

The evidence in the record establishes beyond question that late in the evening of June 11, 1963, Baird signed a document entitled "Affidavit For Search Warrant" prepared by the City Attorney of Fairview with the assistance of the County Attorney of Major County alleging the theft of clothing and other property of Mr. and Mrs. Tommy Coyle from a laundromat operated by Baird and his wife in Fairview, and asserting that the stolen property was concealed in the plaintiff's home. Sheriff Davison was present in the City Attorney's Office when Baird signed the document. After Baird had left, the Sheriff at the direction of the attorneys took the so-called affidavit, with an attached form of search warrant based upon it, to Police Judge Shaffer's home. The latter, who is not a member of the bar, signed the jurat at the bottom of the so-called affidavit as though Baird had been present and put under oath, although in fact Baird was not present, had not spoken to

---

* Senior Circuit Judge of the First Circuit, sitting by designation.

1. Fairview is the county seat of Major County.

2. Actually the judgment was entered on January 5, 1966.

the judge even over the telephone and had not been sworn by anyone, and issued the search warrant based on the affidavit. About midnight, or perhaps a little later that night, the Sheriff, accompanied by deputies and local police officers, served the search warrant on the plaintiff and searched his home but found no clothing or anything else belonging to the Coyles.

The constitutional requirement that no search warrants "shall issue but upon probable cause supported by Oath or affirmation" is not to be cavalierly brushed aside as an empty formality. It requires the interposition of an impartial, disinterested magistrate between the police and the citizen. When a magistrate, as in this case, acts as a mere rubber stamp for the police a basic constitutional protection with roots deep in our national history is reduced to so many empty words. That cannot be explained away, condoned, excused or tolerated. The search warrant was clearly and obviously invalid.

But that, of course, does not dispose of this appeal. The question is the propriety of the district court's *sua sponte* action setting aside the jury's award of punitive damages.[3]

The order reducing the amount of the plaintiff's judgment does not disclose the basis for the court's action. We can only assume that the district court belatedly concluded that the evidence did not warrant an award of punitive damages. But we do not need to speculate as to the reasons for the court's action, for in our view whatever the court's reasons may have been its action was not authorized by the Federal Rules of Civil Procedure.

The court below did not order a new trial, as it might have done of its own initiative not later than 10 days after entry of judgment on the verdict under Rule 59(d) Fed.R.Civ.P. Nor did the court order a remittitur for it did not give the plaintiff an opportunity to choose between a new trial and accept-

ing less than the jury's award. Neither can it be said that the court granted in part defendants' separate motions for directed verdicts made at the close of the plaintiff's evidence and separate motions to dismiss made at the close of all the evidence. The court denied all these motions when they were made and submitted the case to the jury on the issues of liability and actual and punitive damages, and the defendants did not see fit to revive their motions by motions for judgment notwithstanding the verdict, as they might have done not later than 10 days after entry of judgment under Rule 50(b) Fed.R.Civ.P. After judgment they contented themselves with motions only for a new trial which the court below categorically denied.

The inescapable fact is that the court below, entirely on its own initiative and approximately four months after it had entered judgment on the plaintiff's verdict, saw fit without notice and hearing to alter that judgment by eliminating therefrom the jury's award of punitive damages. We can find no sanction for this action in the Federal Rules of Civil Procedure.

To achieve the obviously desirable end of finality Rule 60(a) limits the power of district courts to give relief from judgments of its own initiative only to correct clerical mistakes and errors arising from oversight or omission upon such notice, if any, as the court may direct. There were no such errors in the original judgment in this case. Other errors in judgments, as for mistake, inadvertence, excusable neglect, newly discovered evidence, fraud and so forth can be corrected only on motion and on such terms as are just. Rule 60(b) Fed.R. Civ.P. Thus the only errors in a judgment which a district court may correct of its own initiative are those sanctioned by Rule 60(a), supra, that is, for mal errors arising from clerical mistakes and from oversight or omission. Other errors, such as those enumerated in

3. We are not concerned on this appeal with any question of official immunity, for Shaffer, Davison and Baird did not ap-

peal from the judgment entered on the verdict returned against them by the jury.

Rule 60(b) can be corrected only on motion and, as already pointed out, the only post-judgment motion of the defendants here was a motion for new trial which cannot be construed as the equivalent of a motion for judgment notwithstanding the verdict under Rule 50(b), supra, or a motion for relief from a judgment under Rule 60(b), supra. Although under Rule 60(b) motions for a new trial may be joined with motions for judgment notwithstanding the verdict, nevertheless the motions serve quite different purposes and seek entirely different ends. The motions cannot be treated as interchangeable.

The judgment of the District Court is set aside and the case is remanded to that court for further proceedings not inconsistent with this opinion.