Robert B. DOWNING

v.

Charles H. O'BRIEN and Helen V. O'Brien.

Supreme Judicial Court of Maine.

Sept. 26, 1974.

Archer & Downing by David R. Downing, Bucksport, for plaintiff.

Charles H. O'Brien and Helen V. O'Brien, pro ses.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

POMEROY, Justice.

Plaintiff commenced an action on a promissory note by complaint agreeable to Form 3, Maine Rules of Civil Procedure. A copy of the promissory note was annexed to the complaint as Exhibit A. Service was made in hand upon the defendants.

The defendants failed to answer or even to appear.

After the passage of an appropriate period of time the plaintiff filed an affidavit and requested the Clerk to enter a default and a default judgment.

Upon receipt of the request for the entry of default, the Clerk did make such entry on the docket.

Shortly thereafter in some manner the request for the entry of a default judgment, although properly addressed to the Clerk, came to the attention of the presiding Justice. He thereupon entered the following Order on the request for a default judgment: "Judgment denied for the reason that complaint failed to allege a claim upon which relief can be granted."

Neither notice nor opportunity to be heard was given plaintiff before the action was taken.

This appeal resulted.

■ We sustain the appeal both because the presiding Justice had no right to act without notice and because the action he took was one not authorized by the *Rules*.

The complaint alleged liability of the defendants was for a sum certain or for a sum capable of being made certain. The amount of interest due from the date of the note up to the date of the complaint was included in the demand for judgment. The date of the complaint was clearly shown so the Clerk could compute interest from that date to the date when judgment was to be entered.

This being so, Rule 55(b)(1) mandated that

" . . . the clerk shall, upon request of the plaintiff and upon affidavit of the amount due and affidavit that the defendant is not an infant or incompetent person, enter judgment for that amount and costs against the defendant, if he has been defaulted and has failed to appear."

The affidavit required by Rule 55(b)(4) (Soldiers' and Sailors' Civil Relief Act) was filed. The affidavit also recited facts demonstrating venue was properly laid.

Nothing remained to be done by the plaintiff in order to be entitled to judgment on his complaint.

We take this occasion to discuss briefly Rule 55, M.R.Civ.P.

The *Rule* was designed to provide a simple, inexpensive method of obtaining judgment when a defendant indicates no contest in a civil action in which a plaintiff alleges a claim against him in a court having jurisdiction of both the subject matter and the person, and in a place where the venue is properly laid.

■ The functions of the Clerk under the *Rule* are purely ministerial. The Clerk derives all his powers from the *Rule* and in exercising such power he is acting in a purely ministerial and not in a judicial capacity.[1]

---

1. In a very early California case, Providence Tool Co. v. Prader, 32 Cal. 634, 91 Am. Dec. 598 (1867), the California Court gave an oft-quoted definition of judicial acts as distinguished from ministerial acts:

"It is sometimes difficult to determine whether an act is judicial or ministerial. Judging and thereupon determining in a particular way is, in a general sense, the exercise of a faculty that is of a judicial quality; and in the largest sense of the term, all determinations which are the result of judgment are judicial. But the term, when applied to proceedings pertaining to a court of justice is limited within a less extended scope, and those acts are denominated judicial which properly pertain to the Judge alone in the exercise of his office."

The *Rule* itself declares what the judgment shall be and the circumstances under which it shall be entered and the action of the Clerk must be regarded as the judgment of the Court.

In Florida Development Co. v. Polk County Nat. Bank, 76 Fla. 629, 80 So. 560 (1919), the Florida Court said:

"Having complied with all the requirements of the statute and having submitted a cause regular in all its proceedings, the plaintiff was then entitled under the law to his judgment. In fact, the statute under such circumstances operates to produce the same situation as when a judgment is pronounced by the mouth of the court or judge after a trial upon the issues. It is the affirmation of the statute, it is the sentence and determination of the law, and depends, not upon the opinion or conclusion of a court or judge, but upon the regularity of the proceedings in a cause duly commenced in a proper forum, the due and proper entry of a default against the defendant for failure to plead or demur, and the production of the instrument sued upon and the assessment thereon by the clerk of the amount due. The 'entry' by the clerk ⹁of such a judgment is purely a ministerial function." (p. 561)

The direction to the Clerk found in Rule 55(b)(1) must be regarded as a standing direction to the Clerk by the Court.

The authority of the Clerk to act in certain circumstances does not deprive the Court of its concurrent power to specifically order entry of such judgment.

This was the pre-rule holding of the few courts which passed upon the point in those situations in which the Clerk's power was derived from statutory direction, Griffing v. Smith, 26 Colo.App. 220, 142 P. 202 (1914); Hill v. Huffines Hotel Co., 188 N.C. 586, 125 S.E. 266 (1924), and also the conclusion reached by three Federal Courts when the Clerk's authority derived from Rule 55, Fisher v. Taylor, D.C., 1 F.R.D. 448 (1940); Anderson v. Taylorcraft, Inc., 5 F.R.Ser.2d 961, 197 F.Supp. 872 (D.C.W.D.Pa.) (1961), U. S. for and in Behalf of FHA v. Jackson, D.C.Or.1938, 25 F.Supp. 79.

However, since the *Rule* describes the circumstances under which the plaintiff is entitled to a default judgment and directs the Clerk to perform the ministerial act of entering the judgment, the intervention by the Court with specific direction to the Clerk concerning the entry of judgment in such case neither adds to nor detracts anything from the duty imposed by the *Rule*. Franklin v. Thatcher, 53 Utah 379, 178 P. 922 (1919).

█ It seems obvious that since the Clerk is performing only a ministerial function and is not empowered to perform a judicial function, whenever a Clerk acts in excess of the authority granted by the *Rule* and purports to enter a judgment in a case where he has no authority to do so, the judgment so entered is void. Packard v. Whitten, Me., 274 A.2d 169, 173 (1971).

If the case is one appropriate for the entry of judgment by the Clerk under the provisions of Rule 55(b)(1), M.R.Civ.P., the Clerk is given no authority to exercise discretion as to whether to enter the judgment or not.[2]

---

2. In Field, McKusick and Wroth, Maine Civil Practice, Second Ed. 55.3, it is said:
    "Difficulty often arises when a clerk to whom a request for default judgment has been presented notices some defect in the prior pleadings or process. This is similar to the problem discussed in Section 3.3 above. It is not the responsibility of the clerk to pass judgment upon papers presented to him. The application for default judgment contains affidavits signed by the plaintiff or his attorney under oath and should be accepted by the clerk unless manifestly in error. Filing a knowingly false application could result in disciplinary action for the plaintiff's attorney and in relief of the defendant from the default judgment under Rule 55(c) or 60(b)."
    Of course, the Clerk must make the preliminary determination that the case is an appropriate one for him to act upon Rule 55

■ Where, however, the authority of the Clerk to enter judgment is not denied, mistakes or irregular action by him do not impair the validity of the judgment entered by him so as to make it void. The judgment entered in such situation is merely voidable and not subject to collateral attack.[3]

■ A clerical error in a judgment entered by a Clerk having authority to act in the case, may be corrected by the Court at any time of its own initiative or on motion of any party under the provisions of Rule 60(a). When good cause is shown the entry of default may be set aside by the Court under Rule 55(c) and judgment by default may (in appropriate circumstances described in Rule 60(b)) be set aside in accordance with that *Rule*, i. e., 60(b).

In the case now before us the affidavit presented to the Clerk made clear the case was one in which entry of judgment was mandated. Neither the Clerk, nor the Court if he chose to give the Clerk direction, had authority to take any action other than that mandated by the *Rule*.

In Dow v. Baird, 389 F.2d 882 (C.A. 10th 1968) at 884, the Court said:

"To achieve the obviously desirable end of finality Rule 60(a) limits the power of district courts to give relief from judgments of its own initiative only to correct clerical mistakes and errors arising from oversight or omission upon such notice, if any, as the court may direct. There were no such errors in the original judgment in this case. Other errors in judgments, as for mistake, inadvertence, excusable neglect, newly discovered evidence, fraud and so forth can be corrected only on motion and on such terms as are just. Rule 60(b) Fed.R.Civ.P. Thus the only errors in a judgment which a district court may correct of its own initiative are those sanctioned by Rule 60(a), supra, that is, formal errors arising from clerical mistakes and from oversight or omission. Other errors, such as those enumerated in Rule 60(b) can be corrected only on motion . . . ."

■ If there was, in fact, a defective pleading,[4] which could be made proper by amendment,[5] a judgment entered thereon is

---

(b) (1). In this limited sense it is accurate to say he exercises some discretion, i. e., he makes a judgment.

*Experience indicates judgments are sometimes sought from the Clerk under Rule 55(b) (1), on a promissory note which provides for "reasonable counsel fees."* Often also Clerks are presented with affidavits and requests for default in tort actions where property damage only is claimed. In such cases the affidavit alleges a sum certain and frequently a bill for repairs of the automobile or other property is attached as evidence that the sum is certain.

Obviously the Clerk has no jurisdiction to enter judgment under the *Rule* in either of these cases and a judgment so entered is void.

3. For a collection of cases supporting this point see 158 A.L.R. 1115.

4. In this case the promissory note which was annexed to the complaint as Exhibit A (a procedure approved by Form 3) contained this provision:

"If default be made in the payment of any installment under this note and if such default

is not made good prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once become due and payable *without notice at the option of the* holder of this note."

The complaint alleged "Defendants owe to plaintiff the amount of said note and interest.".

The presiding Justice apparently concluded that plaintiff should have alleged the default more specifically, instead of merely alleging that the entire amount of the note was due. Clearly the complaint was amendable if *amendment was required.*

We do not decide whether the presiding Justice was correct or not in concluding the complaint was insufficient.

5. In Roberts v. Gibson, 214 Pa.Super. 220, 251 A.2d 799 (1969), the Court said:

"This default judgment, even though perhaps defective because of its failure to state a valid cause of action under existing Pennsylvania law, *cannot be reached collaterally* and it is sufficient to support appellant's ejectment action." (p. 803)

merely voidable, and cannot be set aside unless and until the intervention of a Court's judicial judgment is sought under the provisions of Rule 60(b), M.R.Civ.P. Dow v. Baird, supra.

In Packard v. Whitten, supra, we said:

"We consider that the Rule is not intended to prohibit the court from acting on its own motion in some appropriate situations but requires notice and hearing in cases where the invalidating of the judgment depends upon determination of facts."

In that case (as was made clear on page 173) we were dealing with a situation in which the trial court was called upon to

order judgment entered for and against several different parties, vis-a-vis, one the other.

On March 26 he had entered a judgment which did not completely dispose of all matters then before him. We said: "The Justice's amended judgment of May 9 in no way affected the March 26th judgment."

*Packard* is thus easily distinguishable from the case now before us.

The entry must be,

Appeal sustained.

All Justices concurring.

We think a complaint seeking relief on facts which reveal the Court could not grant the relief sought, however pleaded, demonstrates a jurisdictional defect and is therefore void.