This certifies that this is the opinion of the Appellate Division in this cause.

**Charles R. Jannino**
**Clerk, Appellate Division**

**Jo-Ann MELLO**
**V.**
**Joseph BELANGER**[1]

**No. 8711**

Appellate Division of the
District Court Department
Northern Division
Commonwealth of Massachusetts

**June 30, 1982**

[1] Doing business as Royal Auto Sales.

**J. Michael Faherty,** counsel for plaintiff
**Charles C. O'Donnell,** counsel for defendant

## OPINION

**Jodrey, J.** This is an action brought under G.L. c. 93A for money damages and attorney's fees arising out of the sale of a used automobile.

The defendant denied the existence of the plaintiff's claim and also set up a counterclaim which is not relevant to the issue raised by this report.

The case was tried on December 16, 1980. The trial court found for the plaintiff on all counts in the total amount of $1,600.00, including attorney's fees, on January 7, 1981. Execution issued on January 20, 1981. Defendant filed a request to remove to the superior court on January 22, 1981, which was denied due to the trial court's lack of jurisdiction to entertain such a motion when filed late. Execution was served on February 19, 1981, and satisfied in full after the seizure of two (2) automobiles by the Essex County Deputy Sheriffs. On February 26, 1981, the satisfied judgment was returned to the court by the plaintiff. On February 27, 1981, defendant filed a motion to modify judgment, which was denied after a hearing, due to its late filing. The trial justice, however, on his own initiative, on March 17, 1981, ordered the plaintiff to return the motor vehicle, which was the subject matter of the whole action, to the defendant.

A memorandum filed by the trial justice makes it clear that he relied on Rule 60(a) of the DIST./MUN. Cts. R. Civ. P., which so far as applicable reads as follows:

(a) CLERICAL MISTAKES. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

The plaintiff is presently before this Division on a claim of error in the trial court's **sua sponte** Rule 60(a) order.

We are of the opinion that the trial justice, although he acted in good faith, was not empowered by Rule 60(a) to revise the original judgment in this fashion.

It is well settled that Rule 60(a) is limited to the correction of clerical errors and may not be employed to correct substantive errors. **First National Bank v. National Airlines,** 167 F. Supp. 167 (S.D. N.Y. 1958). See, **Stowers v. United States,** 191 F. Supp. 795 (N.D. Ga. 1961).

Neither the original finding or

judgment provided for the return of the automobile. An order for such return after judgment was not a correction of a simple omission consistent with a clear intent of the trial court at the time of judgment as manifested in the original finding. Rather it sought to change the original finding in a substantive way. **Edwards v. Velvac, Inc.** 19 F.R. D. 504, 506 (E.D. Wisc. 1956). **Dow v. Baird** 389 F. 2d 882, 884 (10th Cir. 1968). **Bershad v. McDonough,** 469 F. 2d 1333, 1336 (7th Cir. 1972).

Order vacated. Original judgment of January 7, 1981, reinstated.

So ordered
**Elliott T. Cowdrey, P.J.**
**John P. Forte, J.**
**H. Lawrence Jodrey, J.**
This certifies that this is the opinion of the Appellate Division in this cause.
**Charles R. Jannino**
**Clerk, Appellate Division**