984 F.2d 760
 24 Fed.R.Serv.3d 910
 Charles EATON and Dendalee McBee, Plaintiffs-Appellants,
v.
JAMROG, Warden; Palmer, Warden; Olivier, Lieutenant;
Asbury, Sergeant; Lovett, Sergeant; Wiend,
Officer; and Henry, Officer,
Defendants-Appellees.
 No. 92-1388.
 United States Court of Appeals,
Sixth Circuit.
 Submitted Nov. 11, 1992.
Decided Jan. 29, 1993.
 
 Charles Eaton, pro se.
 Dendalee McBee, pro se.
 David G. Edick, Asst. Atty. Gen. and Mark E. Donnelly (briefed), Office of the Atty. Gen., Corrections Div., Lansing, MI, for defendants-appellees.
 Before: JONES and RYAN, Circuit Judges; and BROWN, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 This appeal from a grant of summary judgment in a prisoner civil rights case presents the question whether a district court has discretion to vacate and reenter a judgment for the sole purpose of enabling a party to make an otherwise untimely appeal timely.
 
 
 2
 Because we find the district court erred, and that this court therefore lacks appellate jurisdiction, we shall dismiss this appeal without addressing plaintiffs' assignments of error.
 
 I.
 
 3
 Plaintiffs' suit arises from a "lock down" and search conducted at the Cotton Prison Facility in Jackson, Michigan, on September 11, 1987. Prison officials had been advised by an informant that certain inmates, including the plaintiffs, had secreted away weapons and ammunition for an escape. In response, prison officials planned to lock down the facility and conduct a search of inmate cells. It was determined that during the lock down Charles Eaton and Dendalee McBee, among others, would be taken to the "Old School Building," an unused building away from the prison population.
 
 
 4
 Eaton and McBee were taken to the Old School Building, handcuffed, placed on the floor, and searched. After about two-and-one-half hours, their handcuffs were removed and they were returned to their housing units. While Eaton was in handcuffs, he complained several times that the handcuffs were too tight. At one point, an officer loosened them. Eaton was later examined by medical personnel and was found to have abrasions and numbness in his right wrist and thumb. Eaton claims the numbness persists and that he has diminished use of his thumb, for which he continues to receive medical treatment.
 
 
 5
 Plaintiffs brought suit in the Eastern District of Michigan, seeking damages under 42 U.S.C. § 1983 for their treatment in the Old School Building. After discovery was completed, the defendants moved for an order of dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court granted the motion as to all defendants except Lovett and Henry.
 
 
 6
 Lovett and Henry then moved for summary judgment. The court granted the motions, concluding that "while the lockdown and shakedown of September 11, 1987 was a rogue operation and that plaintiff Eaton was mistreated, neither Henry nor Lovett bear any inculpatory responsibility for what occurred." The district court also observed that "[i]n light of the evidence at trial, this [dismissal of the other defendants] was a mistake." The district court's memorandum opinion and judgment were entered on October 11, 1991.
 
 
 7
 On October 21, 1991, plaintiffs' counsel filed a motion for relief from judgment under Fed.R.Civ.P. 60(b) requesting the district court to set aside its earlier order dismissing Lovett and Henry as codefendants.[1] The next filing was a pro se notice of appeal signed only by Eaton and filed on November 4, 1991 before the district court ruled on the motion for relief from judgment.
 
 
 8
 In an earlier appeal, we determined that the November 4 notice of appeal was premature because the district court had not yet ruled on the motion for relief from judgment. We dismissed the appeal on February 14, 1992.
 
 
 9
 On February 24, 1992, the district court entered an order vacating its October 11, 1991 order of judgment in favor of defendants Lovett and Henry, and reentered judgment for the express purpose of giving plaintiffs the opportunity to perfect a timely appeal to this court. Plaintiffs appealed.
 
 
 10
 On April 20, 1992, we issued an order directing the plaintiffs to show cause why the appeal should not be dismissed for lack of jurisdiction.
 
 II.
 
 11
 The threshold inquiry is whether the district court had discretion, under Fed.R.Civ.P. 60(b) to vacate and reenter its earlier judgment for the sole purpose of providing plaintiffs with additional time in which to appeal. If this court is without jurisdiction, we may not, of course, address plaintiffs' assignments of error.
 
 
 12
 In their response to this court's order to show cause, plaintiffs concede that the district court vacated its earlier judgment to enable them to perfect a timely appeal, but argue that they have attempted to comply with applicable procedural rules and that they should not be penalized because of "matters beyond their control." This argument is unavailing.
 
 
 13
 Rule 4(a)(1), Fed.R.App.P., provides, in relevant part, that:
 
 
 14
 In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal ... shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from....
 
 
 15
 We have repeatedly held that compliance with Rule 4(a)(1) is a mandatory and jurisdictional prerequisite which this court may neither waive nor extend. See, e.g., Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985). So strictly has this rule been applied, that even a notice of appeal filed five minutes late has been deemed untimely. Baker, 879 F.2d at 1398. Furthermore, we are proscribed from extending the time for filing a notice of appeal by Rule 26(b), Fed.R.App.P., which states that "the [appellate] court may not enlarge the time for filing a notice of appeal...."
 
 
 16
 A district court may not vacate its earlier judgment to avoid the statutorily mandated manner in which an appellant must file a proper notice of appeal. See, e.g., Ellis v. Delta Air Lines, Inc., 852 F.2d 842 (5th Cir.1988). Rule 60(b), Fed.R.Civ.P., provides several specific situations in which a district court, "on motion," may relieve a party of a final judgment. Making an otherwise untimely appeal timely is not mentioned. Additionally, Rule 60(b) explicitly requires a motion from the affected party, and in this case the district court acted sua sponte.
 
 III.
 
 17
 Finding that the district court erred, and that this court lacks appellate jurisdiction over plaintiffs' appeal, we dismiss it for the foregoing reasons.
 
 
 
 [1]
 This court later determined that the October 21, 1991 motion was, in reality, a Fed.R.Civ.P. 59(e) motion to alter or amend the judgment. See Eaton v. Jamrog, No. 91-2245 (6th Cir. Feb. 14, 1992) (order issued as mandate)