32 F.3d 569
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Phillip W. CLEMENTS, Shirley F. Clements, Defendants-Appellants.
 No. 93-1887.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1994.
 
 Before: JONES, RYAN, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Defendants-Appellants Philip W. and Shirley F. Clements appeal the district court's determination that the Plaintiff-Appellee United States is the rightful owner of a disputed parcel of real property, its order that Defendants vacate the property, and its denial of Defendants' motion to reconsider. We find that our jurisdiction over this matter extends only to the motion to reconsider. We further find that the district court did not abuse its discretion in denying this motion, and so we affirm.
 
 
 2
 * Since 1968, Defendants have run a mink farm on a parcel of property in Mecosta County, Michigan. In 1976, they obtained a loan through the federal Farmers Home Administration ("FmHA"). In 1982, the first priority lienholder, the First National Bank of Evart, foreclosed on the property. FmHA purchased the property at the foreclosure sale for $127,348.62, which included a $79,948.38 payment to the Evart bank.
 
 
 3
 Under Michigan law, Defendants had one year from the date of the sale to redeem the property. On the day that the one year period expired, they filed for Chapter 13 bankruptcy. During the course of the bankruptcy proceeding, the bankruptcy court determined that Defendants could redeem their property by paying $120,700 to the FmHA via installment payments. Over the next four years, Defendants paid $61,095.88 of the amount they owed the FmHA, but fell behind in making payments. In 1988, FmHA moved to dismiss Defendants' Chapter 13 plan for failure to make payments. In 1989, the bankruptcy court denied FmHA's motion, holding that Defendants' debt to FmHA was not discharged, and that FmHA retained all of its rights and remedies against them.
 
 
 4
 Defendants sought relief from the National Appeals staff of FmHA, which ruled that the bankruptcy did not render the 1982 foreclosure sale ineffective. The FmHA state director affirmed that FmHA was indeed the owner of the property.
 
 
 5
 In January, FmHA sent Defendants a notice of eviction. In May, it sent a second letter ordering that Defendants vacate the property by June 28, 1991. When Defendants refused to do so, the United States initiated the present suit seeking an order to vacate the premises.
 
 
 6
 On August 19, 1992, the lower court held that the FmHA was the rightful owner of the property. The court ordered Defendants to vacate within 90 days. The court recognized that Defendants had raised claims that FmHA had violated certain federal regulations, but had not tied these claims to the question of whether an order to vacate should be issued. Consequently, the court invited Defendants to file a motion to reconsider that would more fully present these claims, noting that the 90 day period gave the court ample time to consider the claim without prejudicing either party, so long as the motion to reconsider was filed promptly.
 
 
 7
 Rather than filing their motion promptly, however, Defendants filed it just one week shy of the end of the 90 day period they had been granted in which to vacate the property. The motion to reconsider did not specify whether it was submitted pursuant to Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, so the court considered it under both rules. In May 1993, the court denied the motion, holding that it was untimely under Rule 59(e), and that it did not seek relief based upon any of the reasons that are cognizable under Rule 60.
 
 
 8
 Defendants filed their notice of appeal on June 17, 1993, nearly 10 months after the district court's entry ordering them to vacate the disputed property.
 
 II
 
 9
 Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that, where the United States is a party, the appellant has 60 days in which to file a notice of appeal "after the date of entry of the judgment or order appealed from." The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203 (1988); Eaton v. Jamrog, 984 F.2d 760, 762 (6th Cir.1993).
 
 
 10
 Defendants ask us to consider whether the district court erred in its Order of August 19, 1992, by determining that the United States was the rightful owner of the disputed property. However, Defendants filed their notice of appeal too late to challenge this Order. Thus, we lack jurisdiction to consider the issue.
 
 
 11
 Defendants argue that the August 19, 1992 order was not a final order, and that the court's only final order was issued on May 24, 1993, when the court denied Defendants' motion for reconsideration. However, not only do the two entries in question make it clear that the August 19, 1992 order was indeed a final order, see J.A. at 13, 52-55, but also the district court expressly declared that the August order was a final order in a Declaration of Judgment nunc pro tunc filed on June 13, 1994.[1]
 
 
 12
 Defendants further allege that the August Order was "held under advisement pending resolution of the Appellants' motion for Reconsideration." Reply Br. at 3. It is true that, on December 4, 1992, the court held under advisement the United States' request for a writ of assistance to forcibly remove the Clements from the property. J.A. at 50. However, this did not affect the status of the August order. Defendants' unsupported claim to the contrary is meritless.
 
 III
 
 13
 The only remaining issue is whether the district court improperly denied Defendants' motion for reconsideration. On appeal, Defendants contend that this motion was filed pursuant to Rule 60(b)(6). Rule 60(b)(6) is available only to give extraordinary relief as a means of achieving substantial justice when the other enumerated grounds of Rule 60(b)'s first five clauses are not applicable. Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989). A trial court has "especially broad" discretion with regard to granting or denying relief pursuant to Rule 60(b)(6). Id.
 
 
 14
 The court below briefly considered that Defendants' motion may have been brought pursuant to Rule 60, and held that it did not seek relief based on "any reason cognizable under" this rule. This was not an abuse of discretion. Nothing in Defendants' motion indicates that they merit such extraordinary relief or that issues of substantial justice are implicated here.
 
 IV
 
 15
 For the foregoing reasons, the district court's denial of Defendants' Rule 60(b)(6) motion to reconsider is affirmed, and the remaining issues raised by Defendants are dismissed for lack of jurisdiction.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief United States District Court Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 The Declaration states that "the August 19, 1992 order of the Court is the Court's award of JUDGMENT in favor of plaintiff and against defendants on the claim stated in the complaint." In a footnote, the district court clarified that "[t]his order is not intended to alter the substantive rights and duties of the parties in any way, but effects merely a technical completion of the record."