Aubrey **MAYHEW** d/b/a Mayhew Music Company d/b/a Amcorp Music Group d/b/a Dream City Music d/b/a Streets of Gold Music, Plaintiff–Appellant,

v.

**INTERNATIONAL MARKETING GROUP** a/k/a IMG, Inc. d/b/a Power Pak Records, Inc. d/b/a Starday–King Records, Inc. d/b/a Starday Records, Inc. d/b/a King Records, Inc. d/b/a Cindy Lou's TV Mail Order, Inc. d/b/a GML, Inc., Defendants–Appellees.

No. 99–6353.

United States Court of Appeals, Sixth Circuit.

March 2, 2001.

Before GUY and NORRIS, Circuit Judges, and HOOD, District Court Judge.*

OPINION

PER CURIAM.

Plaintiff Aubrey Mayhew appeals pro se an order of the district court granting Defendants International Marketing Group, Inc., et al. ("IMG"), summary judgment and dismissing Mayhew's copyright action. Mayhew also appeals the district court's denial of his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). The district court denied that motion, filed on July 30, 1999, on its merits. We conclude that the district court abused its discretion to the extent that its denial of Mayhew's motion for relief from judgment disregarded 17 U.S.C. § 303(b) and the holding of our decision in *Mayhew v. Allsup*, 166 F.3d 821 (6th Cir.1999). We will not address the merits of the order granting summary judgment in IMG's favor, since Mayhew's appeal from that order was not timely. *See* FED. R.APP. P. 4(a)(1); *Eaton v. Jamrog*, 984 F.2d 760, 762 (6th Cir.1993).

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## I.

The underlying substantive claims of this appeal concern Mayhew's allegations that IMG infringed the copyrights of six musical compositions. With regard to four of the compositions ("Apartment No. 9," "How Fast Them Trucks Can Go," "The All–American Boy," and "Don't Monkey With Another Monkey's Monkey"–hereinafter "the four compositions"), the district court granted partial summary judgment, ruling that no infringement had occurred because the four compositions had been placed in the public domain.[1] To reach this conclusion, the district court held that a public distribution of a phonorecord constituted a "publishing" within the meaning of the Copyright Act of 1909 (the "1909 Act"). Under the 1909 Act, a work entered the public domain and therefore lost federal copyright protection if it was published without a valid copyright notice. *See* 17 U.S.C. §§ 10, 19 *et seq.* (1909 Act) (repealed); *see also* 2 NIMMER ON COPYRIGHT § 7.02(C)(1) (1999). Thus, reasoned the district court, because the phonorecords that were distributed did not bear copyright notices, their publishing placed them into the public domain pursuant to the 1909 Act. The district court's partial summary judgment was entered on April 4, 1997. On November 17, 1997, Mayhew voluntarily dismissed his remaining claims, thereby converting the partial summary judgment into a final judgment.

## II.

We review a district court's decision to deny a Rule 60(b) motion for abuse of discretion. *See Davis by Davis v. Jellico*

*Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir.1990). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, uses an incorrect legal standard, or applies the law incorrectly." *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998). Legal conclusions are subject to de novo review. *See Suster v. Marshall,* 149 F.3d 523, 528 (6th Cir.1998).

In his motion for relief from judgment, filed on July 30, 1999, Mayhew invokes Federal Rule of Civil Procedure 60(b)(5). Because Rule 60(b)(5) applies to judgments with "prospective application," we construe Mayhew's motion, which he filed pro se, to be a motion for relief from judgment based on Rule 60(b)(6). Rule 60(b)(6) has no "prospective application" requirement and allows relief for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6); *see also Herron v. Harrison,* 203 F.3d 410, 414 (6th Cir.2000) (holding a pro se complaint to "an especially liberal standard").

We believe the district court abused its discretion in denying Mayhew's motion for relief from judgment with respect to the four compositions at issue for two reasons.

■ First, 17 U.S.C. § 303(b), which provides that "distribution before January 1, 1978, of a phonorecord shall not for any purpose constitute a publication of the musical work embodied therein," directly conflicts with the holding of the district court granting summary judgment regarding the four compositions. The four compositions

---

1. Mayhew also complains about the district court's ruling concerning the other two compositions, "Sunny Side of the Mountain" and "Patanio, Price of the Plan." The district court held that the copyright notices for these two compositions were prematurely filed and thereby became part of the public domain. Although Mayhew had submitted persuasive evidence in earlier motions that showed that the relevant copyright notices were timely filed, he did not raise the issue in his July 30, 1999, motion for relief, the denial of which he timely appealed. Therefore, we restrict our review to the four compositions which were the subject of that motion.

were apparently distributed publicly without copyright notices before 1978. In determining that the four compositions were part of the public domain and hence no infringement had occurred, the district court ruled that their distribution constituted "publication" within the meaning of the Copyright Act without regard to § 303(b)'s November 13, 1997, amendment of the 1909 Act.

Second, in *Mayhew v. Allsup*, 166 F.3d 821, 824 (6th Cir.1999), we applied 17 U.S.C. § 303(b) to a case pending at the time of the statute's effective date, reversing a district court's summary judgment premised on the identical "publishing" holding of the present case. In his motion for relief, filed July 30, 1999, Mayhew expressly invoked both 17 U.S.C. § 303(b) and *Mayhew v. Allsup* as grounds for relief. The district court did not address *Mayhew v. Allsup* or 17 U.S.C. § 303(b) when it denied Mayhew's motion. Instead, in a one-paragraph order, the district court simply found Mayhew's motion to be "without merit."

IMG attempts to distinguish *Mayhew v. Allsup* by arguing that the instant case is no longer pending and therefore any relief based on 17 U.S.C. § 303(b) would constitute an unwarranted retroactive application of the statute.

For purposes of applying 17 U.S.C. § 303(b), the relevant timing question is whether the instant case was pending on November 13, 1997, the effective date of 17 U.S.C. § 303(b). As IMG acknowledges, "an action is 'pending' so long as a party's right to appeal has not yet been exhausted or expired." *Knights of the Ku Klux Klan Realm of La. v. East Baton Rouge Parish Sch. Bd.*, 679 F.2d 64, 67 (5th Cir.1982) (citing *United States for Heydt v. Citizens State Bank*, 668 F.2d 444, 446 (8th Cir.1982)). Mayhew's case easily meets this definition of "pending," since he did not even have a right to appeal until November 17, 1997, four days after the effective date of 17 U.S.C. § 303(b). Mayhew moved for voluntary dismissal of his remaining claims on November 17, 1997, which, IMG concedes, made the district court's earlier partial summary judgment order (April 4, 1997) regarding the four compositions at issue a final judgment. Accordingly, Mayhew's action was pending when 17 U.S .C. § 303(b) became effective and therefore IMG fails in its effort to distinguish our earlier decision, *Mayhew v. Allsup*.

### III.

For the reasons outlined above, the district court's denial of Mayhew's motion for relief from judgment (filed July 30, 1999) is reversed and the cause is remanded for further proceedings consistent with this opinion.