**Aubrey MAYHEW, Plaintiff–Appellant,**

v.

**Gayron Moe LYTLE, individually, d/b/a King Records, Cindy Lou Mail Order, Power Pak Records, Inc., Gusto Records, Inc., IMG Inc., Deluxe Records Ltd.; et al., Defendants–Appellees.**

No. 01–5702.

United States Court of Appeals, Sixth Circuit.

July 22, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; and WEBER,* Senior District Judge.

PER CURIAM.

Plaintiff Aubrey Mayhew appeals a district court order requiring him to pay attorneys fees and barring him from pursuing certain lawsuits.

---

* The Honorable Herman J. Weber, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

1. This Court did reverse the district court on Mayhew's third Rule 60(b) motion, holding that due to statutory changes he might be entitled to relief on certain rulings unrelated to Mayhew's claim to "Sunny Side" and "Patiano." *See IMG,* 2001 WL 223848. Al-

*Facts*

This case is one episode in a long-running dispute plaintiff has with defendant Gayron "Moe" Lytle and companies Lytle controls. In numerous cases Mayhew's chief complaint has been that Lytle and others infringed on copyrights Mayhew claimed to own. *See, e.g., Mayhew v. International Marketing Group,* 6 Fed.Appx. 277 (6th Cir.2001) (*"IMG"*); *Mayhew v. Allsup,* 166 F.3d 821 (6th Cir.1999); *Mayhew v. Gusto,* 960 F.Supp. 1302 (1997) (*"Gusto"*).

This appeal involves three cases. In 1997, Mayhew sued Lytle's Gusto Records, alleging that Gusto infringed Mayhew's copyright on several songs, including "Sunny Side of the Mountain" and "Patiano, Pride of the Plains." The district court granted partial summary judgment for Gusto, finding that "Sunny Side" and "Patiano" entered the public domain in 1973 when the original owner improperly attempted to renew copyright. *See Gusto,* 960 F.Supp. at 1310. Mayhew did not appeal the partial summary judgment in *Gusto,* instead filing three Rule 60 motions asking the district court to vacate that judgment and others; all were denied. *See* Fed.R.Civ.P. 60.[1]

Unhappy with the court's decision in his first case, on March 31, 1999, Mayhew sued Lytle again in federal court, this time also naming as defendants several of Lytle's attorneys from the first case. *See Mayhew v. Lytle,* No. 3:99–0266 (M.D.Tenn. May 1, 2001) (sanctions order) (*"Lytle"*). The district court found that

though the opinion stated in passing that the district court may also have erred in holding that Mayhew did not have a valid copyright to "Sunny Side" and "Patiano," *see id.* at *1 n. 1, Mayhew was not appealing that decision and nothing in this court's decision altered *Gusto's* holding that those songs had entered the public domain.

this was merely an attempt by Mayhew to re-litigate issues settled in *Gusto* and dismissed with prejudice, also requiring Mayhew to pay attorneys fees. *See id.* In 2000, Mayhew filed a third suit in federal court, this time naming only the attorneys as defendants. *See Mayhew v. Warnock,* No. 3:00–0966 (M.D.Tenn. March 1, 2001), slip op. at 3 (outlining procedural history) ("*Warnock*"). Although this suit alleged fraud, it too was chiefly an attempt by Mayhew to have his claims re-heard. The district court dismissed Mayhew's claims against the attorneys as state law claims and reiterated that his copyright claim to "Sunny Side" was barred by res judicata and issue preclusion. *See id.* It also awarded defendants attorneys fees as sanctions pursuant to Rule 11 and ordered Mayhew to cease current or future litigation (1) against defendants for their work as Lytle's attorneys, (2) concerning any song whose ownership was determined in *Gusto,* and (3) concerning issues already decided in *Gusto* and *Lytle.* Mayhew now appeals from those orders.

### Analysis

Although Mayhew's briefs are confusing and cite little legal authority for his requests, we liberally construe the briefs of pro se litigants and hold such litigants to less stringent standards than we require of litigants represented by counsel. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). As we decipher them, his briefs ask us to reverse the district court's 2000 order granting attorneys's fees and barring him from attempting to religitate the claims settled in *Gusto. See* Appellant's Br. at 5 (stating he appeals the award of "unjust fees and sanctions"). We review a district court's decision to impose sanctions under Fed. R.Civ.P. 11 for abuse of discretion. *See Tropf v. Fidelity Natl. Title Ins. Co.,* 289 F.3d 929, 936 (6th Cir.2002).

Before addressing the merits of Mayhew's appeal, we note that his briefs show that what he really wants us to do is revisit the 1997 decision that the copyrights to "Sunny Side" and "Patiano" are now in the public domain. Appellant's Br. at 4–5. This appeal is not taken from *Gusto,* however, but from orders issued in connection with later cases, and Mayhew cites no authority that would allow us to address this claim.

Mayhew also appears to be challenging an order issued in his 1999 case, *Lytle.* There the court assessed attorneys fees against Mayhew, and then sanctioned him after he refused to appear for post-trial deposition and failed to respond to post-trial discovery requests concerning his ability to pay the fees. *See Mayhew,* No. 99–0266 (sanctions order). The order—or at least the order appended to Mayhew's briefs in this case—did not take any action against Mayhew but merely warned him that if he did not appear for a hearing and deposition he faced contempt of court and imprisonment. Mayhew offers no justification for his refusal to appear. We cannot say in light of these facts that the order was an abuse of discretion.

Mayhew also challenges the orders issued in his 2000 case, *Warnock,* which awarded the defendants attorneys fees (again) and ordered Mayhew to cease litigating issues settled in *Gusto. See Mayhew,* No. 3:00–0966 (sanctions order). Rule 11 allows sanctions to be imposed against "an attorney or unrepresented party" when they present a pleading to the court "presented for any improper purpose." Fed.R.Civ.P. 11(b). "In this circuit, the test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances." *Tropf,* 289 F.3d at 939 (internal quotation marks and citations omitted).

The attorneys's fees were only awarded after defendants filed for sanctions under Rule 11. Mayhew was given 21 days to respond to their request for sanctions, and he did not respond. *See Warnock,* slip op. at 3. Nothing in the orders (or even in Mayhew's briefs) suggests that the court acted improperly or abused its discretion in awarding the fees, as Mayhew had a fair opportunity to dispute them at the time. We find they were reasonable under the circumstances.

We also find the sanctions which limited Mayhew's future litigation reasonable. *Warnock* was at least the second case in which Mayhew attempted to relitigate issues settled in *Gusto.* In his first attempt to have the issues reconsidered, the district court made clear to Mayhew that his claims were foreclosed by res judicata and issue preclusion. Even though Mayhew was acting pro se, he thus had notice he was pursuing fruitless and vexatious litigation. Mayhew's briefs filed in this appeal show that he is still unwilling to accept the decision in *Gusto* and is still seeking a forum to hear his claims. In light of these facts, we find that Mayhew's conduct in *Warnock* was not reasonable under the circumstances and that the district court did not abuse its discretion in imposing the challenged sanctions.

*Conclusion*

We AFFIRM the district court's imposition of monetary sanctions and AFFIRM its imposition of injunctive sanctions.