**PAT LETULI, substituted for OLO LETULI, Plaintiff,**

**v.**

**MARIA LEITUALA, PETER GEBAUER, M & N INC., PAULINE GEBAUER, MAPU JAMIAS, and ILIGANOA SOGIALO, Defendants.**

High Court of American Samoa
Land and Titles Division

LT No. 20-01

October 25, 2004

Before RICHMOND, Associate Justice, and LOGOAI, Chief Associate Judge.

Counsel: For Plaintiff, David P. Vargas
For Defendants, Asaua Fuimaono

ORDER ON *SUA SPONTE* RULE 60(B) MOTION

## Introduction

On January 29, 2004, we issued an opinion and order for this case that considered the location of a boundary between two plots of land, one plot registered to the original Plaintiff Olo Letuli ("Letuli"), and the other registered to Defendant Maria Leituala. *Letuli v. Leituala*, 8 A.S.R.3d 218 (Land & Titles Div. 2004) (hereinafter "Opinion & Order"). We found that a substantial portion of the boundary ran on the centerline of a road which the parties had mutually shared, that the parties had easements to use the road, and that the portion of the boundary located near four *fales* had moved. *Id.* We also determined that Defendants with

ownership or use interests in the road had given up their rights to remove a rock wall constructed by Letuli on the north side of the road because they made no argument to remove the wall at the time of construction or when arguing the case before us. *Id.* On February 7, 2004, Letuli filed a motion for reconsideration and new trial. On February 9, 2004, Defendants filed a motion for reconsideration and new trial on different grounds, which in part challenged our January 29 decision not to remove the north roadside rock wall. On June 30, 2004, we denied both motions.

On July 8, 2004, we resolved to revisit the north roadside rock wall removal issue *sua* sponte, pursuant to T.C.R.C.P. 60(b)(6). We held hearings on the motion on July 26, September 9, and October 1, 2004, around the parties' court scheduled briefings. We now conclude that we may find on our own initiative that the north roadside rock wall constitutes an unjustifiable safety hazard and that it be dismantled, notwithstanding the January 29, 2004 Order.

## Discussion

■ Under Rule 60(b) "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from final judgment. . . [for] any . . . reason justifying relief." T.C.R.C.P. 60(b)(6). Although the federal circuits are divided as to whether a court may grant Rule 60(b) relief *sua sponte* or whether the rule requires a party to raise the motion, we are persuaded by the reasoning of the Second, Fourth, Fifth and Ninth Circuits that have held a party motion is not required to provide Rule 60(b) relief.

### I. Sua Sponte Application of Rule 60(b)

The Sixth and Tenth Circuits maintain that a court may not grant relief *sua sponte* pursuant to Rule 60(b). *See United States v. Pauley*, 321 F.2d 578 (6th Cir. 2003); *Eaton v. Jamrog*, 984 F.2d 760 (6th Cir. 1993); *Dow v. Baird*, 389 F.2d 882, 884-85 (10th Cir. 1968). In *Eaton*, the Sixth Circuit reasoned that because Rule 60(b) explicitly requires relief to occur "on motion" courts "may not grant relief except upon motion from the affected party." 984 F.2d at 762. We are not convinced by this interpretation. As noted by the Ninth Circuit, by examining the traditional meaning of the phrase "*sua sponte*" itself, a court may act on "its own will or *motion.*" *Kingvision Pay-Per-View LTD., v. Lake Alice Bar*, 168 F.3d 347, 352 (9th Cir. 1999) (quoting BLACK'S LAW DICTIONARY 1424 (6th ed. 1990)· (emphasis added). Thus, contrary to the *Eaton* holding, the meaning of the language of Rule 60(b) allowing action "on motion" makes no clear prohibition against *sua sponte* review of prior judgments. *Id.*

Similarly, the Tenth Circuit has determined that the differing language in Rule 60(a) and Rule 60(b) indicates that *sua sponte* intervention is impermissible under Rule 60(b). In *Dow*, the Tenth Circuit noted that under Rule 60(a), pertaining to correction of clerical mistakes in judgments, the language of the rule expressly allows correction "by the court at any time of its own initiative, or on motion of any party," whereas rule 60(b) allows modification only "on motion and upon such terms as are just." 389 F.2d at 884-85; *see also* T.C.R.C.P. 60(a), (b). The *Dow* court concluded that because Rule 60(b) does not retain the language "by the court . . .of its own initiative," a court may intervene without motion only on Rule 60(a) matters, requiring party motions for Rule 60(b). *Id.*

Yet, as the Ninth Circuit observes, "the inferences from phrasing of the rules seem somewhat indeterminate." *Kingvision*, 168 F.3d at 351. Challenging the Tenth Circuit's interpretation in *Dow*, the *Kingvision* court contends that because Rule 60(b) just reads "on motion," and does not explicitly say "on the motion of any party," as in Rule 60(a), an equally valid reading of the Rule could find that the language omitted in Rule 60(b) suggests that relief can be brought by the court's own motion. *Id.*; *see also* T.C.R.C.P. Rule 60(a), (b).

■ Because the words of Rule 60(b) make no clear prohibition against *sua sponte* repairs of judgments, we agree with the holdings of the Second, Fourth and Fifth Circuits, that the "motion" requirement of Rule 60(b) does not act as a barrier for a court to relieve a party from a judgment in order to serve the interests of justice. Indeed, in *United States v. Jacobs*, the Fourth Circuit reasoned that Rule 60(b) "need not necessarily be read as depriving the court of the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion." 298 F.2d 469, 472 (4th Cir. 1961); *see Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001) (finding that while normally Rule 60(b) relief is sought by motion of a party, nothing forbids the court to grant such relief *sua sponte* provided all parties have notice); *see also McDowell v. Celebrezze*, 310 F.2d 43, 44 (5th Cir. 1962) (stating that the court could initiate a Rule 60(b) on its own motion.).

## II. Safety Concerns and Interests of Justice

■ We believe that the safety hazard posed by the north roadside rock wall is just such a case to warrant modification of the earlier January 29, 2004 order. Upon our own observations, witness testimony, and consideration of the subsequent arrival of the Maliu Mai Beach Resort, we now find that the proximity of the north roadside rock wall to the road makes it too narrow to allow two cars moving in opposite directions to safely pass. Without modification of the earlier judgment, continued use

of the road in its present state would pose an impermissible threat to public safety. We further find that even with removal of the north roadside rock wall, public safety requires that trucks, buses, and other large vehicles must use the road extending along the side the Pago Pago International Airport to the entrance accessing the Maliu Mai Beach Resort.

We emphasize, however, that our current holding does not in anyway seek to disturb our earlier legal determination in the January 29, 2004 order which found that Defendants had acquiesced to the placement of the north roadside rock wall. We still maintain that Defendants had lost their right to have the wall removed, but today seek its removal out of present public safety concerns entirely separate from the past rights and obligations of the parties.

## Order

Upon determination that we may *sua sponte* modify our prior judgment pursuant to Rule 60(b), we conclude that the north roadside rock wall constitutes a traffic safety hazard. We order as follows:

1. Defendants are authorized to remove the north roadside rock wall. Defendant M & N Inc. shall pay the removal cost.

2. Use of the road is restricted to passenger vehicles only. Subject to Defendants' directions and enforcement, trucks, buses, and other large vehicles shall only use the road extending along the side of the Pago Pago International Airport to the entrance accessing the Maliu Mai Beach Resort in order to enter and depart the resort.

It is so ordered.