Coven, J.
The issue we address on this appeal is whether a judge may sua sponte vacate a final judgment after execution has issued.
The plaintiff filed this action to recover professional fees for land surveying and consulting work performed for the defendant. Interrogatories and requests for production of documents were served on the defendant. The defendant, acting pro se, failed to serve answers to (he interrogatories, and the plaintiff served the defendant with notice of its intent to move for final judgment if the answers to the interrogatories were not made within thirty days of the date of notice. Thereafter, at a pretrial conference, the defendant untimely served plaintiffs counsel with handwritten responses to the interrogatory requests. The plaintiff deemed the responses not to comply with the requirements of Mass. R. Civ. R, Rule 33(a), and filed an application for a default judgment. Plaintiffs counsel informed the court that plaintiffs concern about the responses to the interrogatories was “not so much... about the form of the document,” but, rather, that the responses were “not signed properly and were not responsive to a lot of the questions asked.” At the conference, the judge allowed the defendant to respond further and informed the defendant that if the responses did not conform to the requirements of the rules of civil procedure, a default would be entered.
The defendant did further respond by timely serving the plaintiff with typewritten responses. The responses were numbered and the numbering corresponded to each interrogatory. Each answer was not, however, preceded by the interrogatory to which it responded. Although the defendant affixed his name to the end of the responses, they were not signed under the pains and penalties of perjury.
Plaintiffs counsel filed an affidavit with the court, a procedure approved by the conference judge, in which it was asserted that the defendant failed to comply with the rules of civil procedure and that the defendant’s answers “appeared to be the same as the handwritten responses reviewed by the court [at the pretrial conference], but only typed.” A default was requested. A further hearing was held before a different judge. Plaintiff’s counsel argued at the hearing, incorrectly, that to comply with the requirements of Rule 33, the response must include “captions, questions, answers and a jurat”; and that such response format allows “a certain flow, certain order,” permitting the responses to be used effectively at trial.
*4 In addition to the default, the plaintiff had requested the scheduling of an assessment of damages hearing. The transcript of the hearing indicates that the judge ordered the matter to “stand in default.” A default judgment was entered five days later.[1] Nine days after execution was issued, the judge who ordered the case to “stand in default” sua sponte vacated the judgment pursuant to Mass. R. Civ. R, Rule 60(b) (6).[2] The docket does not reflect that the judge provided the parties an opportunity to be heard prior to vacating the default judgment or that the plaintiff requested a hearing on the court’s action after the judgment was vacated.
We first address whether this case is properly before this Appellate Division. This appeal is interlocutory. The judgment was vacated, and the case was held for further proceedings. What is challenged on this appeal, however, is the judge’s authority to vacate the judgment sua sponte. In analogous circumstances, courts have treated this type of challenge as “an appealable final order” despite the interlocutory nature of the ruling. Chavoor v. Lewis, 383 Mass. 801, 804 (1981), quoting Stradley v. Cortez, 518 F.2d 488, 491 (3d Cir.1975). We generally would “entertain an appeal [of this nature] to the extent necessary to determine whether the judge had the power to grant the motion. If the judge had such power, the interlocutory appeal must be dismissed without any inquiry on [this Appellate Division’s] part into the merits of the judge’s decision to grant the motion.” Id. at 805. We reject the plaintiff’s argument that the standard of review on this interlocutory appeal is whether the judge’s action, if permissible, constitutes an abuse of discretion, a standard that would be applicable only if the plaintiff were entitled at this procedural juncture to a review on the merits.
No Massachusetts appellate court appears to have addressed the authority of a judge to vacate a judgment sua sponte. However, “[ijn construing our rules of civil procedure, we are guided by judicial interpretations of the cognate Federal rule ‘absent compelling reasons to the contrary or significant differences in content.’” Doe v. Senechal, 431 Mass. 78, 81 n.8 (2000), quoting Rollins Envtl. Servs., Inc. v. Superior Court, 368 Mass. 174, 179-180 (1975). Rule 60(b) of the Mass. R Civ. R, as with its Federal counterpart, provides that “[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment.” Federal courts have long recognized the authority of a judge to act sua sponte under Fed. R. Civ. P., Rule 60(b). See e.g., United States v. Jacobs, 298 F.2d 469, 472 (4th Cir. 1961); McDowell v. Celebrezze, 310 F.2d 43, 44 (5th Cir. 1962); International Controls Corp. v. Vesco, 556 F.2d 665, 668 n.2 (2d Cir. 1977); Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 352 (9th Cir. 1999); United States v. Certain Land Situated in the City of Detroit, 178 F. Supp. 2d 792, 801-802 (E.D. Mich. 2001).
We find no compelling state reason for not following the guidance of the Federal rules. Unlike Rule 60(a), which allows a court to correct clerical mistakes on its own motion “or on the motion of any party,” Rule 60(b) “uses entirely unqualified lan *5 guage and states only ‘on motion.’” Certain Land Situated in the City of Detroit, supra at 801, quoting Fed. R. Civ. R, Rule 60(b). As one court explained, consistent with the underlying principles of the rules, “[j]ustice is better served by letting a judge repair mistakes in default judgments more than ten days old, in the fortunate circumstances where the judge happens to notice them.” Kingvision Pay-Per-View Ltd., supra at 352. That principle is particularly applicable in these exceptional circumstances. This case was ordered to “stand in default” under circumstances in which there was a request, made by the moving party, for a hearing for the assessment of damages, and a default judgment was entered without that hearing having been held and without any evidence in support of the judgment total having been offered. This is not a situation where the judge acted sua sponte to relieve a party of a misstep in perfecting an appeal. Eaton v. Jamrog, 984 F.2d 760 (6th Cir. 1993).[3]
The appeal is dismissed as interlocutory.
So ordered.

 The record is not clear as to whether an assessment hearing took place.

 The docket reflects that the sua sponte order was docketed nearly three months after execution was issued. The judge’s typewritten order vacating the judgment sua sponte is dated July 28, 2011. It also bears the handwritten date of “10/5/11,” the same date as the docket entry.

 While relief from the default judgment, but not the default, may have been appropriate, the judge scheduled this action for further proceedings. The court, by taking this additional step, did not act sua sponte, pursuant to Rule 60(a), in correcting a clerical error, i.e., the mistaken entry of a judgment. Accordingly, we have reviewed this case on the issue of the judge’s authority under Rule 60(b) (6).