73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mattie Lee ROBINSON, Plaintiff-Appellant,
v.
OAKWOOD HOSPITAL, Defendant-Appellee.
 No. 94-2169.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1995.
 
 Before: KENNEDY, GUY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Mattie Lee Robinson, pro se, appeals a district court order denying her "Motion to Reopen Case" which she filed after the district court granted summary judgment in favor of the defendant. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robinson filed a complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. She sued the defendant, alleging that she was subjected to racially motivated intimidation by her co-workers and that she was terminated from employment as a child-care aide at the defendant's daycare center because of her race. In January of 1994, the district court granted summary judgment in favor of the defendant, finding that Robinson had failed to state a prima facie case of racial discrimination under Title VII. This court affirmed the district court's decision. Robinson v. Oakwood Hosp., No. 94-1081, 1994 U.S.App. LEXIS 23479 (6th Cir. June 22, 1994) (unpublished order). Further, this court declined to review Robinson's claim under the Elliott-Larsen Civil Rights Act, and those asserted under the First and Fourteenth Amendments, because Robinson had not first asserted those claims in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 3
 Robinson then filed a "Motion to Reopen Case" in the district court, requesting that she be allowed to amend her complaint to add the Elliott-Larsen claim and her claims under the First and Fourteenth Amendments. The district court determined that it lacked jurisdiction to reopen the judgment after Robinson had filed her notice of appeal. It denied the motion by order entered September 27, 1994.
 
 
 4
 In her pro se appellate brief, Robinson repeats her allegations of being subjected to racial discrimination at the defendant's daycare center. The plaintiff argues that the court should excuse her for not properly presenting her Elliott-Larsen claim and her claims under the First and Fourteenth Amendments in the district court, because she "never received adequate counsel" and because of her "ignorance of statutes or rules."
 
 
 5
 Even if this court were to construe Robinson's motion as a request for relief from judgment under Fed.R.Civ.P. 60(b)(6) (which would have required an independent action), this rule may be invoked only in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990) (original emphasis). This court concludes that the issues Robinson raised in her motion do not demonstrate an "unusual and extreme" situation that mandates relief. Olle, 910 F.2d at 365. See also Lewis v. Alexander, 987 F.2d 392, 395 (6th Cir.1993). Here, Robinson is merely repeating the same arguments she presented in support of her Title VII claim, which claim this court previously determined was without merit.
 
 
 6
 Accordingly, the district court's order denying the plaintiff's motion is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.