Douglas S. LEWIS, Petitioner–Appellant,

v.

George ALEXANDER, Respondent–Appellee.

No. 92–3689.

United States Court of Appeals, Sixth Circuit.

Decided March 9, 1993.

J. Dean Carro, University of Akron School of Law, Appellate Review Office, Akron, OH, for petitioner-appellant.

John J. Gideon, Robert L. Solomon, Office of the Atty. Gen. of Ohio, Columbus, OH, for respondent-appellee.

Before: MARTIN and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Douglas S. Lewis has sought to appeal the district court's denial of his petition for writ of *habeas corpus.* The respondent, Warden George Alexander, has filed a motion with us to dismiss Lewis's appeal because Lewis did not file his notice of appeal within the time limits of FED.R.APP.P. 4, thus denying us jurisdiction to hear the appeal.

On February 19, 1992, the district court issued a Decision and Entry in which it denied Lewis's petition for writ of *habeas corpus.* Under FED.R.APP.P. 4(a)(1), Lewis had thirty days from that date in which to file a notice of appeal to this court. That thirty-day period expired on March 20. In an affidavit filed in the district court, J. Dean Carro, Lewis's attorney, states that he mailed a notice of appeal to the clerk of the district court on March 17. The notice was not docketed until March 24, four days after the time for filing an appeal had expired.

Appellate Rule 4 allows the district court to extend the time for filing a notice of appeal upon a showing of good cause or excusable neglect. FED.R.APP.P. 4(a)(5). Under Rule 4(a)(5), however, the party who has missed the Rule 4(a)(1) deadline for filing a notice of appeal must request an extension within thirty days after the expiration of the original filing period. In this case, the deadline for filing a request for extension of time was April 20. Lewis's attorney failed to recognize that the notice of appeal had not been timely docketed, having apparently misread the date-stamp on his copy of the notice of appeal. Thus, he did not move for an extension of time for filing the notice of appeal within the time limits prescribed by Rule 4(a)(5).

At some point after April 20, Lewis's attorney discovered that the appeal had not been timely filed. He then filed, on May 7, a Motion for Relief from Judgment, pursuant to FED.R.CIV.P. 60(b), requesting the district court to vacate and re-enter its original judgment. Lewis's attorney argued that he was unaware that the notice of appeal was untimely, and that relief under Rule 60(b) would be an appropriate procedure to afford Lewis the right to appeal. On May 21, while the untimely appeal was pending without action in this court, the district court issued a Decision and Entry indicating its inclination to grant the relief that counsel for Lewis sought under Rule 60(b) by vacating and reentering its earlier judgment. Such action would effectively extend the time for appeal established in FED.R.APP.P. 4(a) to thirty days from the date of the district court's final ruling on the motion. On June 24, we dismissed the untimely appeal for lack of jurisdiction. The district court then vacated and reinstated its original judgment on July 1, consistent with its Decision and Entry of May 21. Lewis's counsel then filed a new notice of appeal in the district court on July 8. On July 24, the warden filed a Motion to Dismiss with this court, arguing that we lack jurisdiction to hear Lewis's pending appeal because the district court improvidently granted an extension of time for appeal by sustaining Lewis's Rule 60(b) motion.

For the first time, this court squarely faces the question of whether the district court may grant relief from judgment under FED.R.CIV.P. 60(b) for the sole purpose of re-entering the same judgment at a later date, thereby making an untimely appeal timely. This issue has both a jurisdictional component and a substantive component. The jurisdictional element requires us to consider whether the district court has jurisdiction to consider a Rule 60(b) motion while an untimely appeal is pending with this court. The substantive element requires us to consider whether the district court may properly utilize Rule 60(b) to revive a lost right to appeal.

Although Rule 60(a) specifically addresses the issue of the district court's jurisdiction over an action while an appeal is pending, Rule 60(b) is silent on the issue. *See* 11 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2873 (1973 & Supp.1992). As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court. *See Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir.1981), *cert. denied,* 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982). This court, however, has no jurisdiction to review the lower court's decision on the merits if the notice of appeal is filed in an untimely manner. *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 203, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988). Therefore, "this court has consistently held that a district court retains jurisdiction to proceed with matters that are in aid of the appeal." *Cochran,* 651 F.2d at 1221. Furthermore, the district court retains jurisdiction over an action when an "appeal is

untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court." *Rucker v. United States Dept. of Labor,* 798 F.2d 891, 892 (6th Cir.1986). Therefore, the district court retains jurisdiction over an action when the notice of appeal is untimely, as the first notice of appeal was in this case, and this court lacked jurisdiction to consider the merits of the appeal. *See id.* As such, the district court may exercise its jurisdiction to consider a motion for relief from judgment under Rule 60(b).

▉ Unfortunately, our conclusion that the district court has jurisdiction to entertain a Rule 60(b) motion when a notice of appeal is untimely does not end our analysis. We must also determine the appropriate procedure for the district court and the parties to follow when a party files a Rule 60(b) motion in the district court after having filed an untimely appeal in this court. If the untimely appeal is still pending in this court, the district court should consider the merits of the Rule 60(b) motion and issue an opinion indicating whether it is inclined to grant the motion, but it should not issue a final ruling on the motion until after this court has dismissed the untimely appeal. If the district court indicates its inclination to grant relief from judgment, the movant should then request this court to dismiss the pending, untimely appeal so the district court may sustain the motion for relief from judgment. 11 Wright & Miller, Federal Practice and Procedure, § 2873 (1973 & Supp.1992). *See also First Nat'l Bank of Salem v. Hirsch,* 535 F.2d 343, 346 (6th Cir.1976) (citations omitted). *Cf. Winter v. Cerro Gordo County Conservation Bd.,* 925 F.2d 1069, 1073 (8th Cir.1991). Once the district court sustains the motion and vacates and re-enters the judgment, the movant should file a new notice of appeal within the time constraints of FED.R.APP.P. 4.

▉ We realize, however, that, when a party discovers that an appeal is untimely, the ideal procedure is not always possible to follow. Therefore, because the district court retains jurisdiction over actions in

which the appeal is untimely, we recognize that three other avenues exist by which the district court may rule on the Rule 60(b) motion. First, if this court dismisses the appeal as untimely, authority to rule on the motion automatically vests with the district court. Second, this court may, upon discovering that the appeal is untimely, dismiss the action so the district court may consider the motion. Finally, the district court may notify this court that the appeal is untimely to prompt dismissal of the action by this court so the district court may rule on the motion. We note, however, that these alternative methods may entail procedural traps for the movant; therefore, we stress that the procedure suggested in Wright & Miller, adopted in *Hirsch,* 535 F.2d at 346, and reaffirmed here is the preferable method in this circuit. In no event may the district court act *sua sponte* to grant relief from judgment. *Eaton v. Jamrog,* 984 F.2d 760, 762 (6th Cir.1993). Rather, the affected party must first make a motion for such relief. *Id.*

▉ Finally, we must determine, as a substantive matter, what circumstances justify relief from judgment under Rule 60(b) and whether the Rule is an appropriate vehicle to extend the time for taking an appeal. We note that Rule 60(b) provides that the district court may relieve a party from a final judgment, order, or proceeding for any of six enumerated reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." FED.R.CIV.P. 60(b). The residual clause of Rule 60(b)(6) should form the basis for relief from judgment "only in exceptional or extraordinary circumstances which are not addressed by the first five clauses of the Rule." *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.

1990) (citations omitted). A less demanding standard applies to motions for relief made under the first five clauses of the Rule. 11 Wright & Miller, § 2857. In this case, Lewis seeks relief from judgment based on Rule 60(b)(1). "It is well settled that the granting of a motion to set aside judgment under Rule 60(b)(1) is a matter addressed to the sound discretion of the trial court, and that determination will not be reversed except for abuse of discretion." *In re Salem Mortgage Co.*, 791 F.2d 456, 459 (6th Cir.1986). A party seeking relief from judgment under Rule 60(b) must show that its case comes within the provisions of the Rule. *Id.*

We recognize that a Rule 60(b) motion for relief from judgment is not normally available to relax the appeals period and extend that period outside the time prescribed by FED.R.APP.P. 4(a)(5). *See McGarr v. United States*, 736 F.2d 912, 918 (3d Cir.1984). Most circuits, however, have at least recognized that certain circumstances warrant relief under Rule 60(b) to revive a lost right of appeal even though the Rule itself does not explicitly contain such a provision. *See Hough v. Local 134*, 867 F.2d 1018, 1022 (7th Cir.1989); *Kaercher v. Trustees of Health & Hosp. of Boston*, 834 F.2d 31, 34 (1st Cir.1987); *Burkett v. Cunningham*, 826 F.2d 1208, 1216–17 (3d Cir.1987); *Harnish v. Manatee County*, 783 F.2d 1535, 1537–38 (11th Cir.1986); *Wallace v. McManus*, 776 F.2d 915, 917 (10th Cir.1985); *Case v. BASF Wyandotte*, 737 F.2d 1034, 1035 (Fed.Cir.), *cert. denied*, 469 U.S. 982, 105 S.Ct. 386, 83 L.Ed.2d 321 (1984); *Rodgers v. Watt*, 722 F.2d 456, 459–60 (9th Cir.1983) (en banc); *Hensley v. Chesapeake & Ohio Ry. Co.*, 651 F.2d 226, 229–30 (4th Cir.1981); *Mizell v. Attorney Gen. of New York*, 586 F.2d 942, 944 n. 2 (2d Cir.1978), *cert. denied*, 440 U.S. 967, 99 S.Ct. 1519, 59 L.Ed.2d 783 (1979); *Buckeye Cellulose Corp. v. Braggs Elec. Constr. Co.*, 569 F.2d 1036, 1038 (8th Cir.1978); *Fidelity & Deposit Co. of Maryland v. USAFORM Hail Pool, Inc.*, 523 F.2d 744, 750–51 (5th Cir.1975), *cert. denied*, 425 U.S. 950, 96 S.Ct. 1725, 48 L.Ed.2d 194 (1976). We now join those circuits and hold that a district court may employ Rule 60(b) to permit an appeal outside the time constraints of FED.R.APP.P. 4(a)(5).

We note that the recent decision in *Eaton v. Jamrog*, 984 F.2d at 762 (6th Cir. 1993), does not require a contrary result. *Eaton* decided only that a district court may not act *sua sponte* to grant relief from judgment through Rule 60(b). *Id.* Rather, the court held, "Rule 60(b) explicitly requires a motion from the affected party...." *Id.* Therefore, *Eaton* did not specifically face the issue that we address today. The present case answers the question left open in *Eaton* in the affirmative.

Whether the district court should grant relief from judgment to revive a lost right of appeal in a given case necessarily requires an analysis on a case-by-case basis. *See Burkett*, 826 F.2d at 1217. As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment. *In re Salem Mortgage Co.*, 791 F.2d 456, 459 (6th Cir.1986). We think the test first articulated by the Ninth Circuit in *Rodgers*, 722 F.2d at 459–60, concerning the propriety of extending the time for appeal through Rule 60(b) provides the fairest results. Thus, in addition to finding that the lack of notice resulted from one of the Rule's enumerated reasons, the district court must also find a lack of prejudice to the respondent, prompt filing of the motion after actual notice, and due diligence, or sufficient reason for the lack thereof, by counsel in attempting to comply with the time constraints of FED.R.APP.P. 4(a). *See id.* at 460. The district court should carefully list each of these findings in its order granting the motion under Rule 60(b), as the district did in the present case. Although *Rodgers* involved a case in which the district court failed to notify the movant that the court had entered a judgment, we believe that its test applies equally to a case in which a party did not have notice that its appeal was untimely.

Applying this analysis to the present case, we believe that the district court did not abuse its discretion by granting Lewis's Rule 60(b) motion. No prejudice results to the respondent because Lew-

is had already filed one notice of appeal and granting the motion caused only a minor delay in the appeals process. Moreover, Lewis's attorney acted promptly in filing this motion once he learned that his notice of appeal had not been timely docketed in the district court clerk's office. Finally, Lewis's attorney acted diligently in attempting to comply with the time constraints for filing the notice of appeal. Lewis forwarded the notice of appeal to the court in a timely manner, but for reasons attributable to either the Clerk's Office or the postal service, the Clerk's Office did not docket the appeal within the time required by Rule 4. Although Lewis's attorney employed a meticulous system in his office to ensure compliance with the Rules, he apparently misread the date-stamp on his copy of the notice of appeal. We believe this case falls within the provisions of Rule 60(b)(1).

Accordingly, we deny Alexander's motion to dismiss this action for lack of appellate jurisdiction and hold that the district court did not abuse its discretion in granting relief under FED.R.CIV.P. 60(b)(1). The notice of appeal is timely, and the clerk of this court is directed to proceed with the appeal on the merits.