35 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cedric Lamont JACKSON, Plaintiff-Appellant,
v.
Robert E. LECUREUX, Defendant-Appellee.
 No. 94-1358.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1994.
 
 Before: MARTIN, NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Cedric Lamont Jackson, pro se, appeals a district court order denying his motion for relief from judgment which he filed pursuant to Fed.R.Civ.P. 60(b)(4). This motion was filed after the district court dismissed his petition for a writ of habeas corpus which he had filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jackson's petition requested that his one year federal sentence run concurrently with his state sentence. The district court denied the petition because Jackson had not exhausted his administrative remedies. In his motion for relief from judgment, Jackson presented the same arguments that he had presented in support of his Sec. 2241 habeas petition. Jackson also attached to his motion for relief a letter from the Federal Bureau of Prisons in an attempt to show that any federal administrative remedies available to him had been "rejected" and were, thus, "inadequate." Jackson contends that this evidence allows the district court to acquire jurisdiction to consider the merits of his grounds for habeas relief. On appeal, Jackson argues that the district court abused its discretion by dismissing his petition for failure to exhaust his administrative remedies.
 
 
 3
 A party may seek relief from judgment under Rule 60(b) pursuant to one of six clauses specified under that Rule. An abuse of discretion standard applies to decisions rendered under the first five clauses of Rule 60(b). Lewis v. Alexander, 987 F.2d 392, 395 (6th Cir.1993). Under Fed.R.Civ.P. 60(b)(4), a judgment is "void" only if the court that rendered the judgment lacked jurisdiction over the subject matter; a judgment is not void if it is merely erroneous. 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2862 (1973). Jackson supports his motion for relief from the prior order by merely alleging that the district court's findings were erroneous, without presenting arguments to show that the judgment was, indeed, void. Jackson presents no facts that would establish the district court lacked jurisdiction to consider his Sec. 2241 motion. This court concludes that the district court did not abuse its discretion in denying the Rule 60(b)(4) motion.
 
 
 4
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.