54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY LOCATED AT 1183 HOLMDEN AVENUE, CLEVELAND, OH,
TOGETHER WITH ALL FIXTURES, APPURTENANCES AND
IMPROVEMENTS, Defendant;
James Rivera, Defendant-Appellant.
 No. 94-3817.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1995.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 James Rivera, a pro se federal prisoner, appeals a district court's order denying his motion to set aside the judgment in this civil forfeiture action brought pursuant to 21 U.S.C. Sec. 881(a)(7). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 A joint investigation by law enforcement agencies and the Internal Revenue Service revealed that Rivera had operated a large-scale cocaine distribution business in the Cleveland area for sixteen years. Both the state and federal governments brought charges and Rivera pleaded guilty in federal district court on October 6, 1992, to one count of conspiracy to distribute cocaine. He was sentenced on January 27, 1993, to 31 months in prison and three years of supervised release, with credit for time served on the related state conviction. The United States also brought this civil complaint in forfeiture, which charged that Rivera used the defendant property at 1183 Holmden Avenue on numerous occasions between December 1985 and summer 1990 to facilitate the activities of his drug distribution enterprise, and that probable cause existed to believe that the defendant real property was purchased with drug proceeds. Rivera filed a verified claim as title owner of the property, and also a motion for dismissal of seizure and return of the property. The United States filed a motion for summary judgment against Rivera to which Rivera did not respond. All parties consented to entry of judgment by the magistrate judge.
 
 
 4
 In a memorandum and order filed on March 31, 1994, the magistrate judge granted the government's motion for summary judgment against Rivera, finding that the plaintiff had presented evidence that 1183 Holmden was used by Rivera to conduct his drug business, thus establishing probable cause. The magistrate judge further noted that Rivera had not responded to the government's motion nor otherwise presented evidence tending to establish that the property was not subject to forfeiture. Accordingly, he concluded that Rivera's interest in the defendant property was subject to forfeiture to the United States pursuant to 21 U.S.C. Sec. 881(a)(7). A separate judgment was filed on March 31 and entered on April 1, 1994.
 
 
 5
 Rivera did not appeal this judgment, but on June 22, 1994, filed a motion to set aside the judgment, which the magistrate judge denied in a marginal order issued on July 1, 1994. Rivera then filed a notice of appeal. The magistrate judge issued a decree of forfeiture on August 3, 1994.
 
 
 6
 On appeal, Rivera argues that the district court erred in deciding this case on summary judgment and asserts, as he did in his motion to set aside the judgment, that he had reasonably relied on an attorney's assurances that the attorney would protect his interests in this case. Rivera has also filed a motion to proceed in forma pauperis on appeal.
 
 
 7
 Upon review, we conclude that the district court did not abuse its discretion in denying Rivera's motion to set aside the judgment in this case, construed as brought under Fed. R. Civ. P. 60(b). See Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993); Williams v. Browman, 981 F.2d 901, 903 (6th Cir. 1992) (per curiam). We further note that an appeal from the denial of a Rule 60(b) motion does not bring up for review the underlying judgment. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978); Amernational Indus., Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 975 (6th Cir.), cert. denied, 501 U.S. 1233 (1991).
 
 
 8
 Accordingly, we grant Rivera's motion for in forma pauperis status for the purposes of this review only. The district court's order, entered on July 1, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation