68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Christopher TRAYLOR, Plaintiff-Appellant,
v.
Brenda ROCKAFELLAR; James Barker; Richard Montalvo,
Defendants-Appellees.
 No. 94-2406.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1995.
 
 1
 W.D.Mich., No. 91-00551; Gordon J. Quist, District Judge.
 
 
 2
 W.D.Mich.
 
 
 3
 AFFIRMED.
 
 
 4
 BEFORE: MARTIN and BATCHELDER, Circuit Judges; and COOK, District Judge.*
 
 ORDER
 
 5
 Christopher Traylor appeals a district court judgment for defendants entered upon a jury's verdict following trial in this civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 Traylor and a fellow inmate filed their complaint in the district court alleging that the defendant Michigan prison employees destroyed their personal property during a search of Traylor's cell in the Ionia Correctional Facility (ICF) on April 29, 1991. Plaintiffs alleged violations of their First, Fourth, Eighth, and Fourteenth Amendment rights. Plaintiffs named defendants in their individual capacities and sought compensatory and punitive damages.
 
 
 7
 Defendants moved to dismiss the complaint or for summary judgment, and Traylor responded in opposition. The district court granted defendants' motion in part and denied the motion in part. The court denied defendants' motion only with respect to Traylor's claims that defendants violated his rights under the First and Eighth Amendments. Those claims proceeded to a jury trial after which the jury found in favor of defendants on both remaining claims. The district court denied plaintiff's motion for an extension of time in which to file a motion for a new trial and entered a judgment for defendants. Plaintiff filed a timely notice of appeal taken from the district court's judgment, and the district court denied plaintiff leave to appeal in forma pauperis. Thereafter, the district court refused to consider a motion for a new trial filed by plaintiff. Subsequently, the district court denied plaintiff's motion for a transcript at government expense, and plaintiff has not made arrangements for preparation of a trial transcript. This court granted plaintiff leave to proceed in forma pauperis on appeal.
 
 
 8
 On appeal, plaintiff moves for the appointment of counsel and contends that the district court erred in: (1) permitting defendants to introduce evidence at trial that conditions in the ICF are dangerous; (2) permitting defendants to introduce at trial perjured testimony; and (3) refusing to amend its judgment after trial to reflect that defendants admitted that they subjected plaintiff to an improper strip search. Defendants respond that: (1) the district court did not abuse its discretion in permitting the introduction of evidence regarding conditions at the ICF; (2) plaintiff did not assert a claim in the district court that he was subjected to an improper strip search; and (3) the district court lacked jurisdiction to consider plaintiff's motion for a new trial.
 
 
 9
 First, plaintiff's claims that the district court committed errors in permitting the introduction of evidence must be rejected. Generally, a district court's rulings regarding the introduction of evidence at trial are reviewed only for an abuse of discretion. See Cooley v. Carmike Cinemas, Inc., 25 F.3d 1325, 1330 (6th Cir.1994). Moreover, this court will not reverse a district court judgment on the basis of such an abuse of discretion unless more than harmless error occurred. Id. Here, plaintiff's contentions that the district court rendered erroneous evidentiary rulings are essentially unreviewable given plaintiff's failure to provide the transcript of trial in this case as is his obligation under Fed.R.App.P. 10(b). Plaintiff can establish no basis for reversal of the district court's judgment based upon evidentiary rulings at trial.
 
 
 10
 Further, plaintiff's contention that the district court erred in refusing to amend its judgment to reflect that defendants admitted that they subjected plaintiff to an improper strip search lacks merit. First, defendants correctly note that plaintiff did not assert in the district court a claim that he was subjected to an improper search. Plaintiff's claim on appeal that his complaint included this claim is incorrect. In fact, plaintiff's complaint belies the contention on appeal that he was improperly strip searched in the presence of a female. In his complaint, plaintiff specifically averred that the female defendant came to the shower stall where plaintiff was searched after plaintiff requested her presence. Finally, the district court correctly noted that it lacked jurisdiction to consider plaintiff's motion to amend its judgment filed more than 10 days after entry of judgment and after plaintiff filed his notice of appeal. See Lewis v. Alexander, 987 F.2d 392, 394 (6th Cir.1993). Accordingly, plaintiff's remaining claim on appeal lacks merit.
 
 
 11
 Accordingly, the motion for counsel is denied and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation