85 F.3d 630
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry ZOCCOLI, Plaintiff-Appellant,
v.
LADBROKE RACING MICHIGAN, INCORPORATED, Defendant-Appellee.
 No. 95-1927.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1996.
 
 1
 Before: MARTIN and SILER, Circuit Judges; HEYBURN, District Judge.*
 
 ORDER
 
 2
 Harry Zoccoli, a Michigan citizen proceeding pro se, appeals a district court order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Zoccoli sued his former employer, Ladbroke Racing Michigan, Inc. (Ladbroke), a Michigan corporation. Relying on 42 U.S.C. §§ 1982, 1983, 1985, 1986, and 1988, Zoccoli alleged that Ladbroke wrongfully refused to reinstate him after he was discharged. The district court denied his complaint for lack of subject matter jurisdiction on March 13, 1995. On June 6, 1995, Zoccoli filed a motion for relief from judgment, which the district court dismissed as untimely pursuant to Fed.R.Civ.P. 59(e). Zoccoli has filed a timely appeal, reasserting his original claim. He also requests in his brief that he be allowed to refile his complaint as a class action.
 
 
 4
 We note that Zoccoli brought his motion for relief from judgment under Fed.R.Civ.P. 60(b)(1), (3), and (6). However, the motion is construed to be brought only under Fed.R.Civ.P. 60(b)(1), permitting relief in the event of mistake, inadvertence, surprise, or excusable neglect. Zoccoli argued that the district court incorrectly applied the law and violated his constitutional rights to "true subject matter, due process of law, and equal protection." A claim of legal error such as this falls within the definition of mistake under Fed.R.Civ.P. 60(b)(1). See Pierce v. United Mine Workers of Am. Welfare and Retirement Funds of 1950 and 1974, 770 F.2d 449, 451 (6th Cir.1985). Furthermore, subsection (3) is inapplicable because Zoccoli did not allege that any fraud occurred. Subsection (6) is likewise inapplicable because a claim of simple legal error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b)(6). See id.
 
 
 5
 Upon review, we conclude that the district court's order denying Zoccoli's Rule 60(b) motion should be affirmed, but for reasons other than those considered by the district court. See City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 251 (6th Cir.1994). This court reviews the denial of a Rule 60(b)(1) motion for an abuse of discretion. Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir.1993). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. Romstadt v. Allstate Ins. Co., 59 F.3d 608, 615 (6th Cir.1995). A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law, or uses an erroneous legal standard. Id. at 615.
 
 
 6
 A Rule 60(b)(1) motion based on legal error, however, does not have to be filed within ten days, but instead must be brought within the normal time for taking an appeal. See Pierce, 770 F.2d at 451. Under Fed.R.App.P. 4(a), Zoccoli had thirty days from the entry of the order on March 13, 1995 to bring his appeal. Thus, although Rule 59(e) as used by the district court is not applicable, Zoccoli's motion filed on June 6, 1995 was still time-barred. See Fed.R.Civ.P. 61; McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 553 (1984) (extending Rule 61 to appellate courts).
 
 
 7
 Accordingly, we hereby deny Zoccoli's request to refile his complaint as a class action and affirm the district court's order pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John G. Heyburn, II, United States District Judge for the Western District of Kentucky, sitting by designation