**James J. BALIK, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner, Social Security Administration, Defendant.**

No. C2–97–042.

United States District Court, S.D. Ohio, Eastern Division.

Feb. 5, 1999.

Timothy F. Cogan, Cassidy Myers Cogan Voegelin, Wheeling, WV, for Plaintiff.

James E. Rattan, U.S. Atty's Office, Columbus, OH, for Defendant.

### OPINION AND ORDER

SARGUS, District Judge.

This case is before the Court upon the motion filed by the plaintiff for relief from judgment, pursuant to Fed.R.Civ.P. 60(b). Specifically, the plaintiff requests that this Court reenter the final Order issued on April 7, 1998 at a later date so that the plaintiff may file a timely notice of appeal and obtain review of the United States Court of Appeals for the Sixth Circuit.

The procedural history of this case underlying the plaintiff's motion is not in dispute. On April 7, 1998, a final judgment was rendered in favor of the defendant. Because the United States of America is a party to this case, under Fed. R.App.P. 4(a)(1), plaintiff had sixty (60) days in which to file his notice of appeal. Such notice of appeal was due on or before June 8, 1998. Unfortunately, plaintiff's notice of appeal was not filed until two (2) days later, on June 10, 1998.

Thereafter, on June 29, 1998, the Clerk of Courts for the Sixth Circuit issued an order directing the plaintiff to explain why the appeal should not be dismissed for lack of jurisdiction. Further, the Clerk suggested to the plaintiff that a motion be filed in the district court pursuant to Fed. R.App.P. 4(a)(5) requesting an extension of time for filing a notice of appeal. Appellate Rule 4(a)(5) allows the district court, upon a showing of excusable neglect or good cause, to extend the time for filing a notice of appeal upon motion filed not later than thirty (30) days following the expiration of the time prescribed by Fed. R.App.P. 4(a). Plaintiff filed such motion under Rule 4(a)(5) on July 13, 1998. This

Court, then, denied plaintiff's motion based on the fact that the motion was not filed within the thirty days required by Fed. R.App.P. 4(a)(5).[1]

On November 27, 1998, eight days after the Court's Order denying plaintiff's motion under Fed.R.App.P. 4(a)(5), plaintiff moved for relief from judgment pursuant to Fed.R.Civ.P. 60(b). The government has not filed a memorandum in opposition. Further, on February 1, 1999, the Sixth Circuit Court of Appeals dismissed the appeal originally filed by the plaintiff herein finding that the Court lacked jurisdiction. The Court of Appeals did note, however, that the order of dismissal shall have no effect upon the pending motion to vacate currently pending before this Court.

The plaintiff relies upon the case of *Lewis v. Alexander*, 987 F.2d 392 (6th Cir. 1993) in support of the relief sought from this Court. In *Lewis*, the Court of Appeals for the Sixth Circuit held that "a district court may employ Rule 60(b) to permit an appeal outside the time constraints of Fed.R.App.P. 4(a)(5)." *Id.* at 396.

As a procedural precondition, a district court is without authority to grant a 60(b) motion which orders the refiling of the same judgment at a later date if an appeal, even an untimely one, is still pending before the Court of Appeals. This Court notes, however, that as of this day, the Court of Appeals has dismissed the appeal thereby removing this procedural impediment.

In *Lewis v. Alexander, supra*, the Court of Appeals also noted that a party seeking relief under Fed.R.Civ.P. 60(b) for the refiling of an order at a later date to permit the filing of an appeal must still "establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Id.* at 396. Further, the Sixth Circuit noted that the plaintiff seeking such relief must also demonstrate a lack of prejudice

to the defendant, prompt filing of the motion after actual notice of the improper appeal, and otherwise exercise due diligence in attempting to comply with the time constraints of Fed.R.App.P. 4(a). *Id.*

While Fed.R.Civ.P. 60(b) sets forth six independent grounds upon which relief from judgment may be granted, only two of the six grounds are applicable to this case. Rule 60(b)(1) permits relief from judgment upon a showing of "mistake, inadvertence, surprise, or excusable neglect." Further, Fed.R.Civ.P. 60(b)(6) permits the granting of relief from judgment for "any other reason justifying relief from the operation of the judgment."

The plaintiff has established his entitlement to relief from judgment under parts (1) and (6) of Fed.R.Civ.P. 60(b). The record demonstrates that the plaintiff suffers from a psychological impairment. The decision of the Administrative Law Judge noted that Mr. Balik suffered from depression, significant dysthymic disorder, and suicidal ideation. Plaintiff's counsel represents, and the government does not dispute, that he wrote to the plaintiff and advised him of the adverse decision issued by this Court on March 9, 1998. Plaintiff did not contact his counsel until May 5, 1998 and advised that he did not have the money for the filing fee to perfect the appeal. Plaintiff's counsel asserts, and again the government does not dispute, that he requested on several occasions an Affidavit of Indigency which was not returned from the plaintiff until June 3, 1998.

Plaintiff's psychological condition is well-documented in the record produced by the Social Security Administration. The Decision and Order of the Social Security Administrative Law Judge set forth on pages 15 through 33 of the record below documents the plaintiff's claim that he suffers from depression and other psychological impairments which provide ample evidence

---

**1.** In this Court's Order of November 19, 1998, reference is made to June 13, 1998 as the date on which plaintiff filed his motion. This date is incorrect. The plaintiff filed the motion pursuant to Fed.R.App.P. 4(a)(5) on July 13, 1998.

of excusable neglect as to a notice of appeal which was filed only two days out-of-time. Further, the same evidence supports relief from judgment under the more general category set forth in Fed.R.Civ.P. 60(b)(6).

The Court also notes that there is nothing in the record which would indicate a lack of diligence on the part of plaintiff or his counsel once the error was discovered with respect to the late filing of the notice of appeal. Within eight days from this Court's Order denying plaintiff's motion for extension to file a notice of appeal, the plaintiff filed his Motion for Relief from Judgment pursuant to Fed.R.Civ.P. 60(b). Further, within fourteen days from the Sixth Circuit Clerk of Courts' show cause order, plaintiff moved the district court for an extension of time within which he may file a notice of appeal.

Finally, this Court is required to determine whether the granting of the relief sought by the plaintiff would result in prejudice to the defendant. The Commissioner of Social Security has not filed a memorandum in opposition to the relief sought by the defendant. This Court notes that the defendant is typically well-represented in this Court and has been well-represented in this case. Further, as part of such appropriate representation, the defendant does not typically oppose relief simply because the opposing party has requested it. This Court has no doubt that if the defendant believed it would be prejudiced by the granting of plaintiff's motion that it and its counsel would have so advised the Court. Consequently, this Court is convinced that no prejudice will befall the defendant if the relief requested by the plaintiff is granted.

In the Court's view, the plaintiff has satisfied all the criteria set forth in *Lewis v. Alexander, supra.* The plaintiff's Motion for Relief pursuant to Fed.R.Civ.P. 60(b) is, therefore, **GRANTED** (Doc. 19).

The Court **VACATES** its prior Order of April 7, 1998. The Court simultaneously reenters the Order of April 7, 1998 as in

for the final, appealable Order from this Court.

**IT IS SO ORDERED.**