Frank D. LACEY, Jr., Plaintiff–
Appellant,

v.

Mary Ellen ROBERTSON; Mariner's
Inn; William F. Bledsoe; Allen Led-
yard; Janet Grant; Patricia Mc-
Donald, Defendants–Appellees

No. 00–2024.

United States Court of Appeals,
Sixth Circuit.

May 16, 2001.

Before SILER and MOORE, Circuit
Judges; STAGG, District Judge.*

Frank D Lacey, Jr., a pro se Michigan
resident, appeals a district court order de-
nying his motion for relief filed pursuant
to Fed R Civ. P 60(b). This case has been
referred to a panel of the court pursuant
to Rule 34(j)(1). Rules of the Sixth Cir-
cuit. Upon examination, this panel unani-
mously agrees that oral argument is not
needed Fed. R.App. P. 34(a).

On February 12, 1998, two civil rights
actions filed by Lacy were consolidated by
the district court On March 5, 1999, the
district court issued its last summary judg-
ment decision and dismissed the case.
Lacy appealed the district court's dismiss-
al On June 21, 2000, this court affirmed
the district court's rulings granting sum-
mary judgment for the defendants. On
July 7, 2000, Lacy then filed his Rule 60(b)
motion seeking relief from judgment and a
motion to impeach the testimony of his
former attorney. The district court denied
both motions.

In his timely appeal, Lacy essentially
argues that the affidavits submitted with
his Rule 60(b) motion establish that his
former employer violated Title VII, that
the district court's original judgment was
not consistent with the evidence, and that
he was entitled to impeach the testimony
of his former attorney.

An order denying Rule 60(b) relief is
reviewed for an abuse of discretion. *See
Lewis v. Alexander,* 987 F.2d 392, 396 (6th
Cir.1993). Abuse of discretion exists when
the reviewing court has a definite and firm
conviction that the trial court committed a
clear error of judgment. *See Amernation-
al Indus., Inc. v. Action–Tungsram. Inc.,*
925 F.2d 970, 975 (6th Cir.1991). An ap-
peal of a denial of a Rule 60(b) motion does
not bring up the underlying judgment for
review. *Id.*

The district court did not abuse its dis-
cretion in denying Lacy Rule 60(b) relief.
As the district court noted. Lacy does not
state under which provision of Rule 60(b)
he sought relief. Since Lacy submitted

---

\* The Honorable Tom Stagg, United States Dis-
trict Judge for the Western District of Louisi-
ana, sitting by designation.

affidavits to the court, it appears that he is seeking relief under Rule 60(b)(2), the newly discovered evidence provision. However, Rule 60(b)(2) relief is available for up to a year after the entry of the district court's judgment. The district court entered its final judgment on March 5, 1999, and Lacy did not file his Rule 60(b) motion until July 7, 2000. Thus, the motion is untimely

Finally, Lacy's attempt to impeach the testimony of his former attorney is moot as the attorney's statements were made on May 20, 1998, nearly a year before the district court entered its final judgment. Thus, Lacy had ample opportunity during the initial litigation to challenge the evidence Further, the impeachment request is simply an attempt to relitigate the underlying action which is prohibited under Rule 60(b) *Id.*

Accordingly, we affirm the district court's order Rule 34(j)(2)(C), Rules of the Sixth Circuit.