**Ann L. LAYTON, Plaintiff–Appellant,**

v.

**GENERAL MOTORS CORPORATION; UAW Local 1112, Defendants–Appellees.**

No. 99–4319.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

Before BOGGS and DAUGHTREY,

Circuit Judges; WEBER, District Judge.*

### ORDER

Ann L. Layton, a pro se Ohio resident, appeals a district court order denying her motion for reconsideration filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Layton sued her former employer, General Motors Corporation, and her local union concerning her termination from General Motors in 1984. Layton's action was filed in the Common Pleas Court of Mahoning County, Ohio. It was removed to federal court by the defendants. The district court dismissed the complaint noting that the action was barred by the doctrine of claim preclusion as this suit represented Layton's third action against General Motors and the second against the union. The district court's judgment was entered on August 20, 1999. On October 8, 1999, Layton moved for reconsideration which the district court denied on the same day. Layton filed a notice of appeal only as to the denial of her motion for reconsideration.

█ In her timely appeal, Layton continues to argue the merits of her underlying action.

█ An order denying Rule 60(b) relief is reviewed for an abuse of discretion. See Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir.1993). An abuse of discretion exists when the reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment. See Amernational Indus., Inc. v. Action–Tungsram, Inc., 925 F.2d 970, 975 (6th Cir.1991) An appeal of a denial of a Rule 60(b) motion does not bring up the underlying judgment for review. Id.

Layton argues that the district court erred in not granting her motion for reconsideration as her contract with General Motors was governed by a fifteen-year statute of limitations. As Layton's complaint was barred by the doctrine of claim preclusion, the district court did not abuse its discretion in denying Layton's Rule 60(b) motion. Further, Layton's Rule 60(b) motion does not allow this court to review the underlying judgment. Id.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.