Dennis Guy ERDMAN, Plaintiff–Appellant,

v.

State of MICHIGAN, et al., Defendants–Appellees.

No. 01–2369.

United States Court of Appeals, Sixth Circuit.

June 21, 2002.

Before DAUGHTREY and CLAY, Circuit Judges; WILLIAMS, District Judge.*

### ORDER

Dennis Guy Erdman, a pro se Michigan prisoner, appeals a district court judgment dismissing his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Erdman filed a civil action which was ultimately dismissed on November 24, 1998. The case was dismissed under the three strikes provision of 28 U.S.C. § 1915(g). The court stated that the dismissal was without prejudice and that Erdman had the right to seek reinstatement of the case if he paid the entire $150 filing fee within thirty days of the court's order.

On August 17, 2001, Erdman paid the $150 filing fee and filed his Rule 60(b) motion seeking relief from the 1998 dismissal. Upon de novo review of a magistrate judge's report, the district court denied Erdman's Rule 60(b) motion.

An order denying Rule 60(b) relief is reviewed for an abuse of discretion. *See Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993). An abuse of discretion exists when the reviewing court has a definite and firm conviction that the trial court made a clear error in judgment. *See Amernational Indus., Inc. v. Action–Tungsram, Inc.,* 925 F.2d 970, 975 (6th Cir.1991). An appeal of a denial of a Rule 60(b) motion does not bring up the underlying judgment for review. *Id.*

The district court did not abuse its discretion in denying Erdman Rule 60(b) relief. The district court's order of November 24, 1998, gave Erdman thirty days to pay his filing fee which Erdman failed to do. Rule 60(b) provides that a motion under the rule shall be made within a reasonable time, and for reasons one, two, and three under paragraph (b), no more than one year after the judgment. Erdman waited nearly three years after his civil action was dismissed before filing his Rule 60(b) motion. Thus, any attempt to obtain relief from judgment pursuant to reason one, two, and three of Rule 60(b) is untimely. The residual clause is reason six and it may afford relief only in exceptional circumstances which are not otherwise addressed by the first five reasons of the rule. *Lewis,* 987 F.2d at 395. Reason six is properly invoked in unusual and extreme situations where principles of equity mandate relief. *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990). There are no unusual or extreme circumstances in this case. Thus, the district court properly dismissed Erdman's motion.

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.