William WALKER, Plaintiff–Appellant,

v.

John MINTON, Warren Circuit Court,
et al., Defendants–Appellees.

No. 02–5426.

United States Court of Appeals,
Sixth Circuit.

July 30, 2002.

Before SILER, COLE, and CLAY,
Circuit Judges.

*ORDER*

William Walker, a Kentucky prisoner proceeding pro se, appeals a district court order denying his Motions for Relief From Judgment filed pursuant to Fed.R.Civ.P. 60(b), Motion to Amend Pleadings, and supplements to each motion. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Walker filed this lawsuit on February 17, 1998, alleging three claims: deprivation of property without due process of law; unconstitutional seizure of his person; and with respect to an ongoing state court criminal proceeding, malicious prosecution, denial of his constitutional right to counsel, denial of his right to speedy trial, and deprivation of his Fourth Amendment rights to be free from unlawful arrest, unlawful detention, and illegal searches and seizures. The defendants are: state judges John Minton, Henry Potter, and Thomas Lewis; commonwealth attorney Steve Wilson; Director of Housing and Community Development Richard Rector; police officer Glenn Bratcher; and the City of Bowling Green, Kentucky.

Following dismissal of the action in a Memorandum Opinion and Order entered June 17, 1998, Walker filed motions to alter or amend and for relief from judgment, which were granted on November 3, 1998, to the extent he sought reinstatement of his claim against defendant Rector and the City of Bowling Green for deprivation of property without due process of law. The motions were denied as to all other claims. Walker then appealed the November 3, 1998 order, which was affirmed by this court on July 7, 1999. In the meanwhile, the defendants filed a motion for summary judgment, which the district court granted on March 22, 1999. Walker appealed the judgment, which this court affirmed on May 23, 2000. On November 30, 1999, Walker filed a Motion for Relief from the June 17, 1998 judgment, which the district court denied on June 7, 2000.

Over a year later, Walker filed his present motions now the subject of this appeal. On August 9, 2001, he filed a Motion for Relief and to Amend Pleadings, seeking relief pursuant to Fed.R.Civ.P. 60(b)(1), (2), (4), (5), and (6) from a prior judgment the district court entered March 2, 1999, which granted the defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment. Walker also sought to amend his pleadings pursuant to Fed. R.Civ.P. 15(A)(b). He then filed a Motion for Leave to Supplement the Motion for Relief and to Amend Pleadings and a Second Motion for Leave to Supplement the Motion for Relief and to Amend Pleadings.

Thereafter, on November 7, 2001, he filed a second Motion for Relief and to Amend Pleadings, seeking relief pursuant to Fed.R.Civ.P. 60(b)(1), (2), (5), and (6) from the prior judgment entered June 17, 1998, which dismissed the claims against defendants Minton, Potter, Lewis, Wilson and Bratcher based on the abstention doctrine. He additionally sought to amend his pleadings under Rule 15(A)(b). He subsequently filed a Motion for Leave to Correct Defect in Motion for Relief and to Amend Pleadings and a Memorandum of Law in Support of Motion for Relief and to Amend Pleadings. The district court denied all motions in an order entered March 19, 2002. This timely appeal followed.

Upon review, we conclude that the district court did not abuse its discretion in denying Walker's motions for relief from judgment for the reasons stated by the district court. *See Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993). Furthermore, an appeal from an order denying a Rule 60(b) motion does not bring up for review the underlying judgment. *See Browder v. Dir., Dep't of Corr.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.