Ronald WASHINGTON,
Plaintiff–Appellant,

v.

Kenneth MCGINNIS, Defendant–
Appellee.

No. 02–1460.

United States Court of Appeals,
Sixth Circuit.

Dec. 19, 2002.

Before MARTIN, Chief Judge;
DAUGHTREY, Circuit Judge; and
O'MALLEY, District Judge.*

*ORDER*

Ronald Washington, a pro se Michigan prisoner, appeals a district court order denying his request to reconsider its decision denying his motion for relief from judgment construed as being filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Washington filed a civil rights action under 42 U.S.C. § 1983. On November 5, 2001, Washington was ordered to pay a filing fee of $9.54 within thirty days or the case would be dismissed. As Washington failed to timely pay the filing fee within the thirty day period, the district court dismissed the case without prejudice on December 20, 2001.

On January 15, 2002, Washington sought reconsideration of the dismissal which the district court denied on February 26, 2002. On March 15, 2002, Washington sought a rehearing of this order which the district court denied on March 27, 2002. It is the district court's order of March 27th that Washington appeals.

In his timely appeal, Washington states that he attempted to pay the $9.54 partial filing fee. However, the prison business manager refused to withdraw the funds from his prison account. He further stated that his sister sent a money order to the district court on November 30, 2001, for the required amount. However, the money order was not received by the clerk of court. After the case was dismissed, Washington stated that his sister sent a second check to the clerk of court which the court did receive. As a result, Washington states that he did not "fail" to pay the required filing fee as ordered by the district court.

The denial of relief under Rule 60(b) is reviewed for an abuse of discretion. *See Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993).

For clarification, it is noted that neither the district court's judgment nor the order denying Washington's Rule 60(b) motion are before the court. Rather, the appeal concerns only the district court's order denying a rehearing of its dismissal of Washington's Rule 60(b) motion.

The district court did not abuse its discretion in denying its reconsideration of Washington's Rule 60(b) motion. An abuse of discretion exists when the review-

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

ing court has a definite and firm conviction that the trial court committed a clear error in judgment. *See Amerinational Indus., Inc. v. Action–Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir.1991). An appeal of a denial of a Rule 60(b) motion does not bring up the underlying judgment for review. *Id.* In his motion, Washington stated that he did not fail to pay the filing fee, but was unable to do so because of a prison official. Further, his sister attempted to pay the fee in a timely manner. As the district court noted, Washington never informed the court of his alleged difficulties with the prison's business manager nor did he check with the clerk of court to see if the money from his sister had been received. Washington's argument simply ignores the fact that the district court did not receive his filing fee within the time allotted. Further, Washington is still free to refile his complaint as the case was dismissed without prejudice. Given the facts, the district court did not abuse its discretion in denying Washington's motion to reconsider the denial of Rule 60(b) relief.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.