Opal MITCHELL, Plaintiff–Appellant,

v.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, Defendant–Appellee.

No. 02–6015.

United States Court of Appeals, Sixth Circuit.

May 22, 2003.

Before: COLE, GILMAN, and BRIGHT,* Circuit Judges.

## ORDER

Opal Mitchell, a pro se Kentucky resident, appeals a district court order denying her motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Mitchell sued Hartford Life and Accident Insurance Company in the Clay County (Kentucky) Circuit Court. The action involved a policy for short term disability benefits issued and administered by Hartford. As the benefit plan was defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. (ERISA), the

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

action was removed to the federal district court. The district court subsequently granted judgment to Hartford on September 28, 2001. Mitchell then filed her Rule 60(b) motion on January 24, 2002. The district court denied the motion for relief. It is from this order that Mitchell appeals.

In her timely appeal, Mitchell argues that she has been wrongly denied benefits and that her medical records establish that she is disabled.

An order denying Rule 60(b) relief is reviewed for an abuse of discretion. *See Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir.1993). An abuse of discretion exists when the reviewing court has a definite and firm conviction that the trial court made a clear error in judgment. *See Amernational Indus., Inc. v. Action–Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir.1991). An appeal of a denial of a Rule 60(b) motion does not bring up the underlying judgment for review. *Id.*

In her Rule 60(b) motion, Mitchell's attorney asserted that the insurance policy was not an ERISA plan and, therefore, the district court lacked jurisdiction over the case. On appeal, Mitchell's pro se brief abandons the arguments presented by her attorney and asserts that she is disabled and entitled to benefits under the policy. The question of whether Mitchell is disabled or not under the policy is not reviewable on appeal as she seeks to have the district court's original judgment reviewed. This is an appeal from the denial of Mitchell's Rule 60(b) motion. Therefore, the court cannot review the merits of the district court's judgment. *Id.* Rather, the court reviews the question of whether the district court abused its discretion in denying her Rule 60(b) relief. As Mitchell has abandoned the arguments presented in her

Rule 60(b) motion, we cannot say the district court's denial of Rule 60(b) relief was an abuse of discretion. *Lewis*, 987 F.2d at 396.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.