**John BOATFIELD, Plaintiff-Appellant,**

v.

**John CUPP, et al., Defendants–Appellees.**

**No. 02–6546.**

United States Court of Appeals,
Sixth Circuit.

Sept. 10, 2003.

John Boatfield, pro se, Tiptonville, TN, for Plaintiff–Appellant.

---

R. Dee Hobbs, Bell & Hobbs, Chattanooga, TN, for Defendant–Appellee.

Before SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

### ORDER

John Boatfield, a pro se Tennessee prisoner, appeals a district court order denying his motion for reconsideration construed as being filed under Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and declaratory relief, Boatfield sued Hamilton County, Tennessee, and multiple county prison personnel concerning the lack of treatment he received for his back condition. The district court dismissed the case without prejudice as Boatfield had failed to exhaust his available administrative remedies prior to filing his suit. Boatfield then filed a motion for reconsideration which the district court denied.

On March 20, 2003, this court held that Boatfield's notice of appeal was untimely regarding the district court's order dismissing the merits of his complaint. However, the court found that Boatfield's Rule 60(b) motion for reconsideration was properly before the court. The court ordered that only issues regarding the district court's dismissal order of the Rule 60(b) motion could be raised on appeal.

In his appeal, Boatfield contends that the district court should have granted his Rule 60(b) motion as he in fact had exhausted his available administrative remedies.

An order denying Rule 60(b) relief is reviewed for an abuse of discretion. See Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir.1993). An abuse of discretion exists when the reviewing court has a definite and firm conviction that the trial court made a clear error in judgment. See Amernational Inds., Inc. v. Action–Tungsram, Inc., 925 F.2d 970, 975 (6th Cir.1991). An appeal of a denial of a Rule 60(b) motion does not bring up the underlying judgment for review. Id.

In his Rule 60(b) motion, Boatfield gave a chronological history regarding his back problems. However, Boatfield's description does not establish that he exhausted his administrative remedies nor did he provide documentation to establish the exhaustion of such remedies. Therefore, the district court did not abuse its discretion in denying Boatfield Rule 60(b) relief.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.