**Fred E. DEAN, Plaintiff–Appellant,**

v.

**Cheryl ODOM, Nursing Supervisor, Defendant–Appellee.**

Nos. 02–5508, 03–5209.

United States Court of Appeals, Sixth Circuit.

Sept. 22, 2003.

Fred E. Dean, Clifton, TN, pro se.

Derrick C. Smith, Howell & Fisher, Nashville, TN, for Defendant–Appellee.

Before KRUPANSKY, BOGGS, and CLAY, Circuit Judges.

### ORDER

Fred E. Dean, a pro se Tennessee prisoner, appeals two district court orders which are a result of his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Dean had filed a civil rights action against various prison personnel. The district court dismissed the complaint for failure to exhaust available administrative remedies. The district court's decision was affirmed by this court on appeal. The defendants moved and were subsequently awarded attorney's fees by the district court. Dean then filed leave to proceed in forma pauperis on appeal. That request was denied by the district court. This decision forms the basis of Dean's appeal in 02–5508.

In appeal 03–5209, Dean had filed a motion to reopen the district court's original judgment pursuant to Fed.R.Civ.P. 60(b). That motion was denied on November 14, 2002. On November 22, 2002, Dean moved to reopen the Rule 60(b) decision. That motion was denied on December 2, 2002. Dean has appealed the district court's December 2, 2002, decision.

In his timely appeals, Dean states that the district court erred in not reopening his case. Dean does not address the dis-

trict court's denial of his motion for leave to proceed in forma pauperis.

As Dean does not address the district court's denial of his application to proceed in forma pauperis on appeal, the issue is deemed abandoned and not reviewable on appeal. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991). Thus, the only issue before the court is the district court's decision not to reopen its order denying Rule 60(b) relief.

The denial of relief under Rule 60(b) is reviewed for an abuse of discretion. *See Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993).

For clarification, it is noted that neither the district court's judgment nor the order denying Dean's Rule 60(b) motion is before the court. Rather, the appeal concerns only the district court's order denying Dean's request to reopen the Rule 60(b) motion.

The district court did not abuse its discretion in denying its reconsideration of Dean's Rule 60(b) motion. An abuse of discretion exists when the reviewing court has a definite and firm conviction that the trial court committed a clear error in judgment. *See Amernational Indus., Inc. v. Action–Tungsram, Inc.,* 925 F.2d 970, 975 (6th Cir.1991). An appeal of a denial of a Rule 60(b) motion does not bring up the underlying judgment for review. *Id.* Dean requested that the case be reopened so the motion for summary judgment, pending at the time of the dismissal, could be addressed. Dean asserted that reopening the case would save him the cost of filing fees and save valuable judicial resources. As this court held on appeal that the district court properly dismissed the case because Dean had not exhausted his available administrative remedies, the district court did not err in denying the motion to reconsider its Rule 60(b) decision. Thus, the district court did not abuse its discre-

tion in denying Dean's motion to reconsider the denial of Rule 60(b) relief.

Accordingly, we affirm the district court's orders. Rule 34(j)(2)(C), Rules of the Sixth Circuit.