**John Eddie BRITT, Plaintiff,**

Minnie Alice BRITT, as Guardian for John Eddie Britt;  Plaintiff– Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant– Appellee.

No. 03–1591.

United States Court of Appeals, Sixth Circuit.

Oct. 27, 2003.

Minnie Alice Britt, Mt. Morris, MI, pro se.

Elizabeth Larin, Asst. U.S. Attorney, U.S. Attorney's Office, Detroit, MI, Eileen A. Farmer, Baltimore, MD, for Defendant– Appellee.

Before KENNEDY and GIBBONS, Circuit Judges;  and ALDRICH, District Judge.*

*ORDER*

Minnie Alice Britt, as guardian for John Eddie Britt, appeals a district court judgment denying their motion to modify judgment construed as a second motion for reconsideration under Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this panel unanimously agrees that oral argument is not needed.  Fed. R.App. P. 34(a).

John Eddie Britt, through his guardian, attempted to reopen his social security disability application.  The district court dismissed the case on August 23, 2002. The Britts then moved to reconsider the district court's judgment on September 3, 2002.  That motion was denied on January 21, 2003.  On February 3, 2003, the Britts then filed a motion to modify judgment which the district court construed as a second motion for reconsideration.  That motion was denied on March 6, 2003.  It is from the March 6th decision that the Britts appeal.

In their timely appeal, the Britts argue the merits of the social security application.

The district court's judgment is reviewed for an abuse of discretion.  *See*

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

*Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993) An abuse of discretion exists when the reviewing court has a definite and firm conviction that the trial court made a clear error in judgment. *See Amernational Indus., Inc., v. Action–Tungsram, Inc.,* 925 F.2d 970, 975 (6th Cir.1991). An appeal of a denial of a Rule 60(b) motion does not bring up the underlying judgment for review. *Id.*

The district court's dismissal of Britt's original complaint is not before the court. Contrary to the arguments presented by both the Britts and the Commissioner, the underlying merits of the district court's judgment of August 23, 2002, is not reviewable. Motions for reconsideration of a judgment are construed as motions to alter or amend the judgment and are time tolling for the purposes of Fed. R.App. P. 4(a)(4). *Moody v. Pepsi–Cola Metro. Bottling Co.,* 915 F.2d 201, 206 (6th Cir.1990). However, a motion to reconsider an order disposing of a time-tolling post-trial motion of the kind enumerated in Rule 4(a)(4) does not again terminate the running of the time for appeal, unless a grant of the earlier post-trial motion effectively results in a new judgment and the motion to reconsider is filed by the adversely affected party requesting reinstatement of the original judgment. *Id.* Accordingly, the Britts' February 3, 2003, motion seeking reconsideration of the district court's order of January 21, 2001, did not toll the appeal period. Consequently, the district court's judgment of August 23, 2002, addressing the merits of the Commissioner's decision, is not before the court. Rather, only the district court's judgment of March 6, 2003, is properly before the court.

As to the district court's dismissal of the Britts' second motion for reconsideration construed under Rule 60(b), the Britts state: "Claimant was misled by instructions provided by A.L.J. See attached pg. 2 paragraph 6. Claimant moves to remand for appeals council review." As the motion simply continues to argue the merits of the original complaint, the motion fails to establish that the district court made a clear error in judgment. *Amernational Indus., Inc.,* 925 F.2d at 975. Therefore, the district court did not abuse its discretion in denying the Britts Rule 60(b) relief.

Accordingly, we affirm the district court's judgment of March 6, 2003. Rule 34(j)(2)(C), Rules of the Sixth Circuit.