**Paul L. BIELOWICZ, Plaintiff–Appellee,**

v.

**Andrew G. ZUKOWSKI, Defendant–Appellant.**

No. 01–3057.

United States Court of Appeals,
Sixth Circuit.

Sept. 25, 2001.

Before KENNEDY, RALPH B. GUY, JR. and BOGGS, Circuit Judges.

Andrew G. Zukowski, a pro se Ohio resident, appeals a district court order dismissing various documents which are construed as being filed pursuant to Fed. R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Ernest A. Elliott, a Rear Admiral in the United States Navy and Commander of the defense center in Columbus, Ohio sought to repleve vehicle decals which authorized Zukowski entry into the local supply center and other defense facilities. Elliott also sought an order to prohibit Zukowski from entering the center or similar facility without first obtaining Elliott's express permission.

Zukowski was a former civilian employee of the center who was removed from his employment on January 9, 1997. The district court subsequently granted summary judgment for Elliott. Elliott was replaced as a party under Fed.R.Civ.P. 25(d) by Paul L. Bielowicz, a Brigadier General in the United States Air Force.

Zukowski appealed the district court's decision. This court affirmed the district court's judgment on October 30, 1998.

Subsequently, Zukowski began filing additional documents with the district court requesting a conference and other relief, complaining generally that his constitutional rights had been violated by people who were never parties to the lawsuit, and referring to events which occurred long after the district court entered its judg-ment. The district court denied all Zukowski's requests for relief.

In his timely appeal, Zukowski essentially argues the underlying merits of his complaint. He also requests appointed counsel.

An order denying Rule 60(b) relief is reviewed for an abuse of discretion. *See Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993). An abuse of discretion exists when the reviewing court has a definite and firm conviction that the trial court made a clear error in judgment. *See Amernational Indus., Inc. v. Action–Tungsram, Inc.,* 925 F.2d 970, 975 (6th Cir.1991). An appeal of a denial of a Rule 60(b) motion does not bring up the underlying judgment for review. *Id.*

The district court did not abuse its discretion in denying Zukowski Rule 60(b) relief. The documents, which were filed long after the district court entered its judgment, complain of treatment which Zukowski received. The documents therefore should be construed as a request for relief under Rule 60(b). However, the documents do not provide any insight as to which provision of Rule 60(b) would be applicable. Since Zukowski complains about events which occurred after the district court had entered its judgment, it appears that he is seeking relief under Rule 60(b)(2), the newly discovered evidence provision. However, Rule 60(b)(2) relief is available for up to a year after the entry of the district court judgment. The district court entered its judgment on August 1, 1997, and Zukowski did not file his first Rule 60(b)(2) document until September 22, 2000. Thus, the motion is untimely.

Accordingly, we deny the request for counsel and affirm the district court's or-

der. Rule 34(j)(2)(C), Rules of the Sixth Circuit.