**Jami NATURALITE, Plaintiff–Appellant,**

v.

**Michele CIARLO, Patrick Wright, Terry L. Norton, and Thomas McClear, Defendants–Appellees.**

No. 00–2106.

United States Court of Appeals, Sixth Circuit.

Nov. 1, 2001.

Before SILER and COLE, Circuit Judges; STAFFORD, District Judge.*

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

## ORDER

Jami Naturalite, a pro se Michigan prisoner, appeals a district court order denying his motion to amend judgment filed pursuant to Fed.R.Civ.P. 59(e). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Naturalite sued a parole officer and multiple assistant attorney generals for allegedly depriving him of access to the courts and for the mishandling of his "parole transfer investigation request." The district court dismissed the complaint as frivolous. Naturalite then filed a motion to amend judgment under Rule 59(e) which the district court subsequently denied. It is from this order that Naturalite appeals.

In his timely appeal, Naturalite continues to argue the merits of his underlying complaint. He also requests that *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997), be reversed.

Initially, it is noted that Naturalite filed his motion to amend under Rule 59(e). The district court judgment was entered on May 5, 2000. However, Naturalite did not file his motion to amend until May 23, 2000. As the motion to amend was filed beyond the ten day period provided for by Rule 59(e), Naturalite's motion must be construed under Fed.R.Civ.P. 60(b). *See Peake v. First Nat'l Bank & Tr. Co.,* 717 F.2d 1016, 1020 (6th Cir.1983).

The denial of Rule 60(b) relief is reviewed for an abuse of discretion. *See Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993). An abuse of discretion exists when the reviewing court has a definite and firm conviction that the trial court committed a clear error in judgment. *See Amernational Indus., Inc. v. Action-Tungsram, Inc.,* 925 F.2d 970, 975 (6th Cir.1991). An appeal of a denial of a Rule 60(b) motion does not bring up the underlying judgment for review. *Id.*

In his motion to amend, Naturalite stated that he was not challenging his parole violation. Rather, the question was whether his rights, while he was on parole, were violated. Naturalite also continues to argue the merits of his complaint. As Naturalite's motion does not satisfy any of the requirements of Rule 60(b), the district court did not abuse its discretion in denying Naturalite's motion.

Naturalite also requests that *McGore* be reversed. A panel of this court may not reverse a prior published decision of another panel. Only an en banc panel of the court may reverse a published decision. Rule 206(c), Rules of the Sixth Circuit.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.